WISCONSIN DRAINAGE COMPANY, Appellant, vs. INDUSTRIAL
COMMISSION and others, Respondents.

*April 16—May 4, 1915.*

*Workmen's compensation: Dependence of parents on son: Presump-
tions: Burden of proof: Finding by industrial commission: Suf-
ficiency of evidence.*

1. Dependence of parents upon their children will not be presumed;
   and parents claiming to be so dependent must, under sub. 3, sec.
   2394—10, Stats., establish that fact· by a preponderance of the
   evidence, the burden of proof being the same as in an ordinary
   civil action.
2. Evidence in this case that a deceased employee was accustomed
   to turn over to his mother a part of his earnings; that she' spent
   the same for family support, as he probably supposed she would;
   and that it took all the money so turned over, and the ordinary
   family income as well, to meet the expenses, is *held*—even
   though the son expected to be paid back sometime when he
   needed the money to buy a farm—to sustain a finding of the in-
   dustrial commission that the parents were partially dependent
   on him for support.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Action to impeach an award of the *Industrial Commission.*
While in the employ of plaintiff, George Ganzer was so in-
jured as to proximately cause his death under circumstances
rendering the employer liable to his dependents under the
Workmen's Compensation Act.    He was an unmarried man,
twenty-one years of age, working away from the parental
home.    He left home, took employment at $10 per week, and
worked about a month before he was injured.    In the mean-
time he visited home twice and turned over to his mother
some $18 or $20.    She used it for family support.    He had
been accustomed to turn his earnings over to his mother and
obtain money back as he needed it.    The parents owned a
home valued at about $2,275, incumbered for $1,300, also a
small amount of personal property.    The father had an earn-

ing capacity of about $65 per month and was in fair working
health, as was also the mother.  George purposed saving to
buy a farm and made his mother his banker; but without
thought that she should keep the particular money he turned
over to her.   She took and used it 'as she had money he earned
before he was of age.   She estimated that he had been accus-
tomed to turn over to her $15 per month more than he drew
and said she spent the residue for family expenses.

The *Commission* found that the parents of deceased were
partially dependent on him for support, fixed the amount at
$180 per year, and the whole they were entitled to at $720.
On the statutory appeal to the circuit court that was affirmed.

*Robert R. Freeman,* attorney, and *Timothy Brown,* of
counsel, for the appellant, contended, *inter alia,* that it is the
actual need of the support that determines the question of par-
tial dependency.   *Jackson v. Erie R. Co.* (N. J.) 91 Atl.
1035.   The parents must have been dependent upon the de-
ceased son in a material degree for support or maintenance or
assistance and the obligation of such deceased son to furnish
it must have rested upon some moral or legal or equitable
ground, and not upon his purely voluntary or charitable im-
pulses or disposition.   *McCarthy v. Supreme Lodge N. E. O.
P.* 153 Mass. 314, 318, 26 N. E. 866, 867; *Ballou v. Gile,* 50
Wis. 614, 619, 7 N. W. 561; *Pliska v. Hatton L. Co.* 1 Bul-
letins Ind. Comm. Wis. 95; *Dazy v. Appounaug Co.* 36 R. I.
81, 89 Atl. 160; *Reardon v. P. & R. R. Co.* 85 N. J. Law, 90,
88 Atl. 970; *Bortle v. N. P. R. Co.* 60 Wash. 552, 111 Pac.
788; *Kanton v. Kelly,* 65 Wash. 614, 118 Pac. 890, 121 Pac.
833; *Main C. Co. v. Davies,* 16 T. L. Rep. 460, 2 Workm. C.
C. 108; *Andrzejewski v. Northwestern F. Co.* 158 Wis. 170,
148 N. W. 37.

For the respondent *Industrial Commission* there was a
brief by the *Attorney General* and *Winfield W. Gilman,* as-
sistant attorney general, and oral argument by *Mr. Gilman.*
They argued, among other things, that the test of dependency

is laid down by the statute itself, and is not the actual need of the alleged dependent, but the amount devoted by the deceased to his or her support. This is in accord with what is believed to be the better reasoned judicial decisions, under somewhat different statutes. No decisions under statutory provisions like ours have been found. They cited, among other cases, *Main C. Co. v. Davies,* 16 T. L. Rep. 460, 2 Workm. C. C. 108; *Howells v. Vivian & Sons,* 85 Law Times, 529, 4 Workm. C. C. 106; *French v. Underwood,* 19 T. L. Rep. 416, 5 Workm. C. C. 119; *Turner v. Miller,* 3 Butterworth's Workm. C. C. 305; *Robertson v. Hall Bros. S. Co.* 3 Butterworth's Workm. C. C. 368; *Hodgson v. West Stanley Colliery,* 102 Law Times, 194, 26 T. L. Rep. 333, 3 Butterworth's Workm. C. C. 260, overruling *Senior v. Fountains,* [1907] 2 K. B. 563, 23 T. L. Rep. 634, 9 Workm. C. C. 116; *McLean v. Moss Bay I. & S. Co.* [1910] App. Cas. 229, 3 Butterworth's Workm. C. C. 402, reversing [1909] 2 K. B. 521, 2 Butterworth's Workm. C. C. 282; *R. Legget & Sons v. Burke,* 39 Scot. Law Rep. 448; 78 Cent. Law Jour. 256; *In re Herrick,* 217 Mass. 111, 104 N. E. 432, 433; *Appeal of Hotel Bond Co.* (Conn.) 93 Atl. 245; *Pliska v. Hatton L. Co.* 1 Bulletins Ind. Comm. Wis. 95; *Dougherty v. State,* id. 99; *Dojak v. M., St. P. & S. S. M. R. Co.* 2d Ann. Rep. Ind. Comm. Wis. 47; *Julien v. Milwaukee E. R. & L. Co.* id. 65; *Wangreen v. Milwaukee E. R. & L. Co.* id. 68; *Ostrenga v. Menominee & M. L. & T. Co.* id. 77; *Mans v. Consolidated W. P. & P. Co.* id. 79; *Grendahl v. Brunet Falls Mfg. Co.* 3 id. 50; *Johnston v. Milwaukee E. R. & L. Co.* id. 68.

MARSHALL, J. Were *Mr.* and *Mrs. Ganzer,* at the time their son was injured, to any extent, dependent upon him for support? If they were, within statutory limitations, they were entitled to be compensated for their loss under par. (b), sub. (3), sec. 2394—9, Stats. 1911.

There is no presumption of dependency of parents upon

their children. Whether such condition exists in any particular case is a question of fact which the claimant must establish by the preponderance of evidence to satisfy sub. 3, sec. 2394—10, Stats. The burden in such a case should be regarded the same as in any ordinary civil action. It is not within the function of the trial body to guess at the matter, or dispose of it on any theory of favor, competency, or punishment. Nothing of that sort can legitimately enter into such a matter. Are the surviving parents losers in respect to their dependency for support by the incident of the industry in which their son was engaged at the time it happened? That is the basic question to be determined and to a reasonable certainty from competent evidence.

We must say, the evidence upon which the finding in the parents' favor in this case was made is not very satisfactory, but it is not the function of this court to try the issue as an original matter. It extends, really, no further than to determine whether there was sufficient evidence to afford jurisdiction to make the finding complained of. This very restricted opportunity for one circumstanced as appellant is for redress, should stimulate the triers of fact to exercise a high degree of diligence, impartiality, and discretion, in discovering the real facts and basing their conclusion thereon.

In this case we are unable to say that the trial body was entirely unjustified in concluding that the parents of the deceased were partially dependent on him for support. Whether, if we were to pass upon the matter from the standpoint of such body, we would come to the same conclusion it did, is quite another question. There is ample evidence that deceased was an industrious young man and inclined to deal with his parents very much as if under age; that he was fond of and freely turned over his earnings to them. The evidence indicates that he expected to be paid back some time when he needed the money to buy a farm, yet it shows that the money was not invested and kept for him, and that he did not expect.

it would be. The money was used for family support and together with the other sources of income was not sufficient to create any surplus. The evidence rather indicates that there was still a deficiency, notwithstanding the fairly good earnings of the father. In face of the fact that the deceased was accustomed to turn over to his mother part of his earnings; that she spent the same for family support and, probably, as he supposed she would; that it took all thereof and the ordinary family income to meet the expenses,—we are unable to conclude the case does not fall within the statute because the son supposed that, ultimately, his parents would, in some way, make return to enable him to buy a farm.

*By the Court.*—The judgment is affirmed.

