MILWAUKEE BASKET COMPANY and another, Appellants, vs. WIECKI and another, Respondents.

*January 15—February 8, 1921.*

*Workmen's compensation: Parents as dependents of minor child: Presumption: Burden of proof: Measure of dependency: Method of ascertainment: Contributions of minor to family earnings.*

1. There is no presumption from the mere fact of family relationship that parents are partially dependent on an unmarried son nineteen years old within the meaning of the workmen's compensation act, and they have the burden of showing such dependency to a reasonable certainty by competent evidence.
2. Where members of a family consisting of the parents and six children contributed amounts aggregating $3,022 to the family earnings, of which deceased, an unmarried son nineteen years old, contributed $824, being $432 in excess of the amount used for his support, the industrial commission was warranted in finding that such son contributed the latter amount to his parents' "support" so as to entitle them to benefits allowable to partial dependents under sub. (4) (c), sec. 2394—9. Stats., based on his contribution, though $900 of the family earnings were paid on the purchase of a home. Justices VINJE and JONES dissent in so far as the opinion holds that the contributions of the minor which went into savings or investment are "support" within the meaning of the statute.
3. Where a minor contributes his earnings to the family funds, so much thereof as is actually needed and necessarily used for his individual care and support from the general family

purse should be deducted from his earnings in determining the amount of his contributions to the support of his dependents, under sub. (4) (c), sec. 2394—9, Stats., notwithstanding the parents' legal duty to support him.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

One John Wiecki received an injury resulting in his death while in the employ of the *Milwaukee Basket Company.* His parents, *Francisca* and *August Wiecki,* made application for compensation under the workmen's compensation act.

Deceased was nineteen years of age and unmarried at the time of the accident, January 15, 1919. The *Commission* found that the deceased and five other children had been living as members of the family during the year preceding the accident. The two youngest, aged thirteen and six, attended school. Four of the children and the father were working. The earnings during the preceding year were as follows:

| | |
|---|---:|
| *August Wiecki,* the father | $1,081 45 |
| John, deceased | 824 33 |
| Max | 570 07 |
| Frances | 341 60 |
| Anna | 791 76 |
| | $3,609 21 |
| The family also received as rent from a son-in-law for a portion of the homestead in which they lived | 36 00 |
| | $3,645 21 |

It is conceded that it was error on the part of the *Commission* to assume that the entire amount of Anna's earnings were contributed to the family, as it appears from the undisputed evidence that she in reality contributed but $169. Such difference, however, does not materially affect the question here to be decided.

A little more than a year before the death of John the

family had undertaken to purchase the home in which they lived. During the year they had paid on the indebtedness for this home the sum of $1,300, $400 of which had been borrowed from the son-in-law, leaving $900 which had been taken out of the earnings of the family.

The *Commission* determined that after deducting the $900 from the total earnings of the family the balance was the sum necessarily used for the support of the family. Assuming that the support of the two children at school together would be equal to the support of one wage-earner, an amount was then arrived at as the actual cost of the support of each member of the family, fixing such at about $400. Such an amount was deducted from the earnings contributed by the son John and the balance then left of $432 held by the *Commission* to be the amount contributed by John for the support of the family and the basis for the computation under sub. (4) (c), sec. 2394—9, Stats., and multiplied by four gave the amount of $1,728 fixed as the death benefit.

The appellants, the employer and insurer, brought an action for review in the circuit court for Dane county on the ground that the finding of the *Commission* upon the question of dependency is not supported by the evidence. From the judgment of the circuit court affirming the award of the *Commission* the plaintiffs have appealed.

For the appellants there were briefs by *Brown, Pradt & Genrich* of Wausau, and oral argument by *L. A. Pradt.*

For the respondents there was a brief by the *Attorney General* and *Winfield W. Gilman,* assistant attorney general, attorneys for the *Industrial Commission,* and *Schoetz, Williams & Anderson* of Milwaukee, attorneys for *Francisca* and *August Wiecki;* and the cause was argued orally by *Mr. Gilman.*

ESCHWEILER, J. The amount contributed by the deceased minor son John to his family with whom he lived

during the year preceding his death, even without having deducted therefrom the amount that was necessary for the actual cost of his support, was less than the $900 taken out of the family earnings and paid therefrom on the purchase of the home.

Sub. (4) (c), sec. 2394—9, Stats., being the section upon which the findings of the *Commission* rest, reads, so far as here material, as follows:

"(c) In case the deceased employee leaves no one wholly dependent upon him for support, but one or more persons partially dependent therefor, the death benefit shall not exceed four times the amount devoted by deceased, during the year immediately preceding his death, to the support of such dependents and shall be apportioned according to the percentage that the amount devoted by the deceased to the support of such person or persons, for the year immediately prior to the accident, bears to the average annual earnings of the deceased."

The appellants contend that the undisputed facts that, from the contributions made to the general family purse by all the working members of the family, there was taken out and used $900 for the specific purpose of paying for a home, and which sum was more than the total earnings of the deceased, conclusively negative the finding by the *Commission* of partial dependency of the parents upon the deceased son, under any reasonable construction to be given to the section above quoted. That where, as here, had there been no contributions by the deceased son to the family during the year preceding the death, there would have been nevertheless a surplus (disregarding the $900) over and above the amount that would have been actually expended for the care and support of the family, it must be held as a matter of law that such sum of $900, being in excess of the earnings of the deceased, was neither used nor needed for the support of the family and therefore there was not a case of partial dependency; that the surviving parents are not losers by reason of the son's death in respect to any dependency for support by them upon him.

The claimants have the burden of showing to a reasonable certainty from competent evidence that there was, at the time of the death, a partial dependency by them upon such deceased, there being no presumption in that regard in their favor from the mere fact of the family relationship. *Wis. D. Co. v. Industrial Comm.* 161 Wis. 42, 45, 152 N. W. 460.

Under present-day conditions there cannot be any question but that payments, to a reasonable extent at least, for the purpose of maintaining the roof which shelters the family, either in the shape of rent if it be not their own, or interest upon existing indebtedness on such home if it be theirs, and for repairs, insurance, or such like items, should be considered a part of the necessary support of the family within the meaning of the statute. It is so frankly conceded by appellants' counsel.

In this case, instead of renting, the family elected to purchase a home. By what must undoubtedly have been rigid economy, as is demonstrated by a momentary comparison between the number maintained and the amount from which such maintenance had to be taken, they set aside a very substantial part of such joint earnings for the purpose of thus securing a home.

It cannot well be questioned but that as to some at least of the $900 taken out of the joint family earnings there was a very proper basis for holding that there was a situation of partial dependency of the parents for their support upon the earnings of this son. The *Commission* was therefore justified in so finding; and such finding as affirmed by the circuit court certainly cannot be disturbed.

The *Commission*, having this situation before it, arrived at its conclusion that the amount devoted by the deceased to the support of his parents during the year prior to the accident was the whole amount of his earnings paid over to his family less the amount actually needed to pay for his care and support. We cannot say, in view of all the circumstances presented in this record, that such conclusion was unwarranted. Similar holdings have been sustained

in other courts. *State ex rel. Fleckenstein B. Co. v. District Court,* 134 Minn. 324, 159 N. W. 755; *Day v. Sioux Falls F. Co.* (S. Dak.) 177 N. W. 816.

We find nothing inconsistent with the result here reached in the cases relied upon by appellants, *Dazy v. Apponaug Co.* 36 R. I. 81, 89 Atl. 160, and *Rhode Island B. & I. Works v. Industrial Comm.* 287 Ill. 648, 122 N. E. 830.

It is suggested in respondents' brief by the assistant attorney general that it is desirable to have the question now decided whether or not the *Industrial Commission,* in determining matters of dependency such as here involved, should deduct from the total contributions to the family by the injured person an amount of money equal to that which was actually used or needed for his individual support during the year in question before it fixes the amount that should be held to have been contributed to the support of the dependents. It being contended that where the injured employee was, as in this case, a minor and living with his parents, there was the corresponding relative duty of support of such minor by the parent regardless of whether or not the parent exercised his legal right to receive the wages of such minor, therefore there is no warrant for deducting such sum, as the parent would have had to pay just as much, the son not earning or contributing, as when earning and contributing. Although the question as presented is not necessary for a disposition of this case, nevertheless we feel that our views upon it may be stated now.

We are of the opinion that where, as here, a minor contributes his earnings to his family with whom he resides, so much thereof as is actually needed and necessarily used for his individual care and support from the general family purse is to be treated as a sum used for his individual support rather than as a contribution by him of the same amount to the support of his dependents under the statute above quoted.

We think the rule and the reason are well stated in the case of *Moll v. City Bakery*, 199 Mich. 670, 165 N. W. 649.

*By the Court.*—Judgment affirmed.

VINJE, J. (*dissenting*). I am unable to concur in the view that that part of contributions to the family fund that go into savings or investment can be said to be for support. In this case the whole family earned during the test year $3,022.45, placing Anna's contribution at $169, which it is conceded it should be. Out of this sum $900 were saved and invested, leaving $2,122.45 used for family support for the year. The deceased contributed $432 net to the family fund, exclusive of his own support. It should be held that a proportionate part of his contribution went into savings or investment. Such proportionate part would be $128.06, and this sum should have been deducted from his net contribution to the family fund and the balance only held to have been for support.

Under the principle announced by the court, a father who earns $3,000 for the test year, spends $2,000 for the support of his family, and invests $1,000 is held to be dependent upon a son who contributes $400 to the family fund for the year. I cannot believe that it was the legislative intent that a father should be permitted to swell his investment account at the expense of an employer of his son, or at the public expense, if it instead of the employer ultimately bears the burden. Neither in popular nor in technical language does the word "support" connote a meaning common to either "investment" or "savings," and judicial construction should not change its meaning.

I am authorized to state that Mr. Justice JONES concurs in this dissent.