WISCONSIN-MINNESOTA LIGHT & POWER COMPANY,
Respondent, vs. JOHNSON, imp., Appellant.

*January 15—February 8, 1921.*

*Workmen's compensation: Parents as dependents of adult child.*

> Where an adult son living with his parents paid them his board
> and lodging and contributed nothing else to the family purse
> excepting presents, made payments amounting to $400 upon a
> home for the family, as he had agreed to do if his father
> would purchase one, and paid $45 for furniture to be used in
> the home, his parents are not entitled, under the workmen's
> compensation act—sub. (4) (c), sec. 2394—9, Stats.,—to an
> award for his death.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

One Henry Johnson was killed April 23, 1919, while in
the employment of the respondent.    Claim for compensa-
tion was made by *John Johnson,* his father.    The industrial
commission held that there was a case of partial dependency
and allowed a death benefit in favor of the father of four
times the amount found to have been contributed by the son.
Henry was twenty-five years of age at the time of the
accident and for more than a year preceding his death had
lived at home with his father, mother, and a married sister
with her two children.    Henry paid $25 a month for his
board.    Under claimant's testimony that was just about the
cost of his board.

Within the year preceding his death and on the suggestion
of Henry and upon his stating that he would pay for it, the
father disposed of the old house in which they had been
theretofore living and purchased a new home.    The son
then drew $200 from the savings bank in which he kept his
funds and gave a check for that amount to his mother and
it was applied directly on the first payment for the house.
Subsequently and during the same year he in the same

manner advanced another $200. He also bought and paid for furniture in the amount of $45 which was placed in the house. He also gave his mother two items of $10 each, but one was in the nature of a Christmas present and the other to enable her to visit another member of the family, and both of these items were disregarded in the findings of the industrial commission. The father was able, out of his earnings, to make small payments upon the house.

Upon appeal to the circuit court the award was set aside. From the judgment so directing the claimant has appealed.

*A. C. Larson* of Eau Claire, for the appellant.

For the respondent there was a brief by *Linderman & Ramsdell* of Eau Claire, and oral argument by *G. O. Linderman*.

For the defendant *Industrial Commission* there was a brief by the *Attorney General* and *Winfield W. Gilman*, assistant attorney general, and oral argument by *Mr. Gilman*.

ESCHWEILER, J. In this case an adult son, living with his parents and paying them for his board and lodging a regular amount fairly equivalent to its cost, contributed nothing in excess of such amount to the family purse. The father had no legal control over the wages of the son. Two contributions of $200 each were made by the son for the avowed and designated purpose of the purchase of a home. Neither of such payments ever became a part of the general family fund, nor were they intended to be used for any other purpose than the particular one to which they were in fact applied.

We feel compelled to hold that under the facts in this case the $445 paid by the son was not paid by him for the support of his parents within the meaning of sub. (4) (c), sec. 2394—9, Stats., under which the claim is made. The facts here are so manifestly different from those appearing

in the case of *Milwaukee Basket Co. v. Wiecki,* decided herewith (*ante,* p. 391, 181 N. W. 308), that extended discussion is unnecessary.

It follows that the judgment of the circuit court should be affirmed.

*By the Court.*—Judgment affirmed.