CITY OF BARABOO, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*December 13, 1924—January 13, 1925.*

*Workmen's compensation: Dependency: Presumption: Contributions of adult son to parent in good circumstances.*

1. The jurisdiction of the industrial commission to award compensation or death benefit rests upon the fact of dependency; and, except as otherwise provided by statute, dependency is not presumed, but must be found as a fact upon the circumstances and conditions of each case.   p. 557.
2. Where the father of an adult son was living in a home abundantly provided for by the joint efforts of himself and his wife, and was possessed of considerable property of his own, the mere fact that the son presented his father with $35, which the latter used to purchase clothing, does not justify an award by the industrial commission to the father as a dependent.   p. 557.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Workmen's compensation. *Gustave Schuetzler,* the claimant, lives at Geneseo, Illinois, and was the father of the deceased, Lawrence E. Schuetzler. Lawrence E. Schuetzler was killed on the 24th day of March, 1920, while engaged in assisting one H. M. Jeffries in repairing a dead end of the city's fire-alarm system. While engaged in such work he sustained an electrical shock which caused his instant death.

It appears that the claimant married his present wife in 1909; that at the time of the death of Lawrence Schuetzler he had property of the value of $1,000; that his present wife, Augusta Schuetzler, is worth $26,000 and more; that *Gustave Schuetzler* had children by his first marriage, among others being Albert Schuetzler, who purchased a farm owned by Augusta Schuetzler on a land contract for $26,000, paying down $6,000 or $8,000; that he also had three daughters, Mary Harms, Minnie Rotz, and Katie

Miller; that during the two years previous to Lawrence's death *Gustave Schuetzler* and his wife had expended some $7,700 in living expenses; Lawrence Schuetzler was at the time of his death twenty-six years of age, single, and it appears that during the previous year he had sent his father in the shape of presents the sum of $35. Augusta Schuetzler, the present wife of *Gustave,* had maintained the household ever since she was married to *Gustave Schuetzler.*

The *Commission* found that *Gustave Schuetzler* was dependent upon his son Lawrence for support; that Jeffries, whom Lawrence Schuetzler was assisting at the time of his death, had authority to employ Lawrence Schuetzler so as to bind the city, and awarded *Gustave Schuetzler* compensation in the sum of $240. This action was begun in the circuit court for Dane county to review the award of the *Industrial Commission.* Upon the trial the court confirmed and approved the findings and award of the *Industrial Commission* and judgment was entered accordingly, from which the plaintiff appeals.

*V. H. Cady,* city attorney, for the appellant.

For the respondent *Industrial Commission* there was a brief by the *Attorney General, Mortimer Levitan,* assistant attorney general, and *E. L. Wingert* of Madison, and oral argument by *Mr. Wingert.*

ROSENBERRY, J. The statute under which the liability of the city is predicated is sec. 102.09, par. (c) of sub. (4), which provides:

"In case the deceased employee leaves no one wholly dependent upon him for support; but one or more persons partially dependent therefor, the death benefit shall be such sum as the commission shall determine to represent fairly and justly the aid to support which the dependent might reasonably have anticipated from the deceased employee but for the accident, considering their physical surroundings and conditions. . . . The term 'support' as used in this section

shall include contributions to the capital fund of the dependents, for their necessary comfort."

It is provided by sec. 102.11, par. (c) of sub. (3):

"In all other cases questions of entire or partial dependency shall be determined in accordance with the fact, as the fact may be at the time of the accident to the employee."

The jurisdiction of the *Commission* to award compensation or death benefit rests upon the fact of dependency. *Wis. Mut. L. Co. v. Industrial Comm.* 184 Wis. 203, 199 N. W. 221.

Except in the cases otherwise provided by statute, dependency must be found as a fact upon the circumstances and conditions of each case. It is not presumed. This court has gone a long way in sustaining findings of the *Industrial Commission* as to dependency. *Milwaukee B. Co. v. Wiecki,* 173 Wis. 391, 181 N. W. 308.

Does the mere fact that a son, twenty-six years of age, the year previous to his death, made presents of money amounting in all to the sum of $35 to the father, warrant a finding that the father, under all the circumstances shown by the statement of facts in this case, was dependent upon the son? The fact that the father purchased clothing with the money is not controlling. The outstanding facts in this case are that the father was living in a home abundantly provided for by the joint efforts of himself and his wife; that he was possessed of a considerable amount of property of his own. The deceased, as no doubt thousands of children have done, made a present to his father. The making of a present does not create a status. If the father was in fact dependent, the amount of the contribution might be a measure of dependency but it does not create dependency. The evidence shows that the father was generously provided for through the efforts of himself and his wife.. It is considered that the *Commission* acted without and in excess of its power in finding that under the circumstances in this case

the claimant was in fact dependent upon the deceased for support.

As this court has many times pointed out, the workmen's compensation act is a beneficent measure. It should be fairly administered to accomplish the purpose which was intended by the legislature, and slight circumstances should not be seized upon to create liability and to extend the operation of the law to cases not fairly within its scope.

We do not find it necessary to consider the question of whether or not the employee Jeffries was authorized to hire the deceased to perform the services which he was rendering at the time of his death.

*By the Court.*—The judgment of the circuit court is reversed, with directions to enter judgment setting aside the award of the *Commission.*