INTERLAKE PULP & PAPER COMPANY, Appellant, vs. INDUS-
TRIAL COMMISSION OF WISCONSIN and another, Re-
spondents.

*January 17—February 10, 1925.*

*Workmen's compensation: Death in course of employment: Evi-
dence: Sufficiency: Dependency of parents on minor son: How
proved: Contributions of son: Materiality.*

1. A finding of the industrial commission that the death of an em-
ployee, occurring on the employer's premises three or four
minutes after the employee had left his point of work for some
undisclosed reason, was in the course of his employment, is
*held* justified under the evidence.  p. 230.
2. In an award under sub. (4) (c), sec. 2394—9, Stats. 1921, for
the death of a minor son, partial dependency of the father
must be found as a primary fact, there being no conclusive
presumption of dependency as there is in cases of husband and
wife and of children under eighteen, by sub. 3 (c), sec.
2394—10.  p. 230.
3. Contributions or gifts from a son to a father are not neces-
sarily proof of dependency, as they are material only as a
measure for the amount of an award after dependency has
been established.  p. 231.
4. The legal right of a father to the wages of his son, not of age
and not emancipated, has no bearing on the question of de-
pendency, which must exist in fact to permit an award.  p. 231.
5. In the absence of a showing as to the income and necessary
expenditures of the father—a farmer fifty-one years old, on a
farm paid for in full, with eighty acres under cultivation, who
owned a portable sawmill and a threshing outfit, and had a
wife living and three children in school,—there was no basis
for a finding as to partial dependency to entitle him to an
award for the death of his minor son.  p. 232.

CROWNHART, J., dissents.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge. *Reversed, with
directions.*

One Richard Imm, twenty years of age, was on October 4,
1922, employed by the plaintiff at Appleton and met his
death November 18, 1922, on its premises.

His father, *John Imm,* respondent, made application to the *Industrial Commission* for compensation for such death on the ground of his partial dependency upon deceased. During the year preceding his death Richard had worked in lumber mills and had also assisted his father in running an engine for the latter's sawmill, also in running the threshing machine, and helped again during harvesting on the latter's farm.

Testimony showed that during the year preceding the death the boy had brought home and turned over to his father $40 in cash in December, 1921, $120 March 20, 1922, $100 in July, $25 in October, and after the death his last pay check of $43, less $7 for board, was also turned over to the father.  The *Commission* determined that the death was one within the compensation statutes and that there was partial dependency, and an award was made upon the basis of the total of the cash contributions above specified together with allowances of $450 for the son's services during the summer in the sawmill and in the threshing and harvesting, deducting about $73 for purchases made for him by the family of clothing and sundries.

In an action brought to review, the circuit court deducted the payment of $120 on March 20th, it appearing from the testimony that such sum had been applied in payment to the carpenter who built the house upon the farm.  From the judgment so modified the plaintiff has appealed.

For the appellant there was a brief by *Bradford & Bradford* of Appleton, attorneys, and *Goggins, Brazeau & Graves* of Wisconsin Rapids, of counsel, and oral argument by *R. B. Graves.*

For the respondent *Industrial Commission* there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

Eschweiler, J.   The deceased was employed with two others in placing pulp wood into a conveyor·running along

the ground between two buildings in plaintiff's yards.   It was covered at about four feet from the ground and one foot across.   Some fifty feet above it was another conveyor from which, at points which were opened as desired, the wood fell and piled up and then from such piles was thrown into the lower conveyor.   For some undisclosed reason he left his point of employment and three or four minutes later was found dead about two hundred feet away, with his body lying upon the said lower conveyor and under one of the openings in the upper conveyor.   His skull was fractured and caused instant death.

It is contended by plaintiff that there is no support in the evidence for the conclusion that the death of Richard Imm was in the course of his employment and for that reason there was no jurisdiction in the *Commission* to make an award.   While the testimony is very meager as to the manner in which the death was caused and as to any explanation as to why he was at the place where found, yet we cannot say that the facts shown do not permit the conclusion drawn as a reasonable inference therefrom by the *Commission*.

The award to the father was made under sub. (4) (c), sec. 2394—9, Stats. 1921, reading:

"In case the deceased employee leaves no one wholly dependent upon him for support, but one or more persons partially dependent therefor, the death benefit shall not exceed four times the amount devoted by deceased, during the year immediately preceding his death, to the support of such dependents," etc.

In a situation such as here presented, there being under the statute no conclusive presumption of dependency as there is in cases of husband and wife, and children under eighteen, by sub. 3, sec. 2394—10, Stats. 1921, the alleged dependency must be found to exist as a primary fact.   *Baraboo v. Industrial Comm.* 185 Wis. 555, 201 N. W. 809; *Wis. Mut. L. Co. v. Industrial Comm.* 184 Wis. 203, 199 N. W. 221; *Milwau-*

*kee B. Co. v. Wiecki,* 173 Wis. 391, 181 N. W. 308; *Wis. D. · Co. v. Industrial Comm.* 161 Wis. 42, 152 N. W. 460. Unless such primary fact of dependency exist then there is no basis for an award. Evidence of contributions or gifts by a deceased only become material as a measure for the amount of an award when partial dependency exists. In most of the cases presenting claims under partial dependency, the proofs of dependency and of contributions go hand in hand, and proving the one also proves the other; but this is not always necessarily so, nor so in the instant case.

The claimant father here was entitled to the wages and services of the deceased son until majority, unless emancipated, by virtue of parenthood and as a matter of law. *Patek v. Plankinton P. Co.* 179 Wis. 442,.446, 190 N. W. 920. This right is manifestly entirely apart from the question of dependency provided for in the statute here involved. The well-to-do and entirely self-sustaining parent has the same legal right to the minor child's services and earnings as has the parent who is unable to earn sufficient to properly obtain the necessaries of life for himself and family; yet what may be paid by the minor to the father in the first instance would not show or measure dependency, while in the second instance it would clearly do both.

In this case the father, fifty-one years old, and the mother, forty-eight, with two younger boys, sixteen and thirteen, and a daughter nine, these three attending school, lived on the 160-acre farm, eighty acres cultivated and forty in timber, assessed at $4,200 and paid for in full. There was a seven-room house, not painted or completed, barn, sheds, live stock, and farm machinery. The father owned a portable sawmill and threshing outfit. Mrs. Imm at one time received as her separate property $2,500, which went into the farm.

There was no showing, however, by which any computation could be made of the father's income from farm, saw-

mill, or threshing outfit, nor the necessary outgo for the care of the family. Two older boys, one now married, had also, up to their respective majorities, given their earnings over to the father or mother, but not after that, at least so far as the record here shows; and if they did so contribute during the year involved it would be proper for consideration in solving the question as to whether the claimant here was dependent, under the statute, upon the deceased or other children.

The *Commission* therefore having insufficient evidence before it upon which to make its finding of partial dependency and as to the amount of the award, the cause must be remanded for further proceedings.

*By the Court.*—The judgment of the circuit court is reversed, with directions to return the matter to the *Industrial Commission* for further proceedings.

CROWNHART, J. (*dissenting*). I think the judgment should be affirmed.