## RUSSELL *v.* McGAUGHEY.

[No. 12,184.    Filed April 7, 1925.]

MASTER AND SERVANT.—*Sister occupying employee's property rent free not partial dependent under Workmen's Compensation Act.*—The fact that a deceased employee permitted his sister to occupy a dwelling house rent free would not entitle her to compensation under the Workmen's Compensation Act as his partial dependent, the compensation in such cases being dependent on the amount of employee's "wages" contributed to the dependent (Acts 1919 p. 158, §37, §8020u1 Burns' Supp. 1921), the term "wages" meaning compensation given to a hired person for services.

From Industrial Board of Indiana.

Claim for compensation under the Workmen's Compensation Act by Sada Russell against J. E. McGaughey. From a denial of an award, the claimant appeals. *Affirmed.*

*Everett M. Schofield,* for appellant.

*Turner, Adams, Merrell & Locke,* for appellee.

THOMPSON, J.—This is an application by appellant for compensation, it being claimed by appellant that she was a partial dependent of her brother, George I. Tyler, who died as a result of personal injuries received by him by reason of an accident arising out of and in the course of his employment by appellee.

Appellant assigns as error for reversal of said cause: "That the award of the full board in said cause is contrary to law."

It is conceded by appellant and appellee that the sole question to be determined in this case is whether or not the fact that Sada Russell was permitted by her brother George I. Tyler to use and occupy a certain residence property, in the city of Indianapolis, free of rent, which it is conceded was of the rental value of $25 per month, which she so occupied for five years or more prior to her brother's death and was occupying at the time of his death and also at the time of the trial of this case before the Industrial Board, can be used as the basis of an award of partial dependency.

The Industrial Board found that appellee was partially dependent on her brother George I. Tyler, and awarded her compensation of $1.27 per week. So the question depends upon the construction and meaning of that part of §37 of Acts 1919 p. 158, Workmen's Compensation Act, which provides as follows: "If the employee leaves dependents only partially dependent upon his earnings for support at the time of the injury, the weekly compensation to those so dependent shall be in the same proportion to the weekly compensation of persons wholly dependent as the average amount contributed weekly by the deceased to such partial dependent bears to his average weekly wages at the time of the injury."

VOL. 82—40

Bovier's Law Dictionary defines the word wages as meaning: "A compensation given to a hired person for his or her services." (See *Smolenski* v. *Eastern Coal Dock Co.* [1914], 87 N. J. Law 26, 93 Atl. 85, 9 N. C. C. A. 531, and cases therein cited. *Wisconsin-Minnesota Light & Power Co.* v. *Johnson* [1921], 173 Wis. 398, 181 N. W. 311; *Hancock* v. *Ind. Com.* [1921], 58 Utah 192, 198 Pac. 169.)

We hold that the Industrial Board did not err in refusing to consider the question of rent, as the same does not come within the meaning of the above statute as applied to this cause.

Finding no error, the award is affirmed.