[Civ. No. 5027. Second Appellate District, Division One.—July 9, 1925.]

INTERNATIONAL INDEMNITY COMPANY (a Corporation), Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION and SARAH E. FOSTER et al., Respondents.

[1] Workmen's Compensation Act—Death of Employee—Payments on Mortgage on Home of Dependents—Finding—Construction. In a proceeding to review an award made by the Industrial Accident Commission in favor of the mother and minor brothers and sisters (all dependents) of a deceased employee, a finding of the commission that a specified sum per month was paid by the deceased to the dependents to be applied upon the payment of installments due upon a mortgage on the real property which constituted the home of said dependents, said payment being in fact and ultimate effect for the purpose of meeting current expense equivalent to rent and necessary to be paid to provide said dependents with a house in which to live, was a finding made upon the theory that the specified monthly sum contributed by the deceased and used toward the payment of the mortgage was in effect the equivalent of the payment of rent, and if these payments on account of the mortgage had not been made, that the mortgage presumably would have been foreclosed, and the mother

---

1. Review of finding as to dependency, note, 30 A. L. R. 1277. See, also, 28 R. C. L. 774.

and minor children ejected from the home and thus would have been without shelter.

[2] Id.—Payment of Rental — Reasonableness of — Finding—Evidence.—In such proceeding, it cannot be said that a specified sum per month, which the Commission found that deceased paid to the dependents to be applied upon a mortgage on their home, and which said Commission further found to be in effect the equivalent of the payment of rent, was not a reasonable amount to be allowed in lieu of rental for the family, where there is nothing in the record to show that the reasonable rental value of the premises occupied by the dependents was less than said specified monthly sum, nor any evidence to support the contention that a dwelling-place was obtainable at a less sum than said specified monthly sum that would have met with the needs and income of the family; and the finding of the Commission will not be disturbed where there is evidence that will support it.

[3] Id.—Dependency—Contributions for Acquisition of Home.—A reasonable amount used out of the contributions made for the support of the family for acquiring a home or permanent place of abode for the dependents is well within the purpose and intent of the Workmen's Compensation Act.

---

(1) C. J., p. 116, n. 47.    (2) C. J., p. 123, n. 43.    (3) C. J., p. 61, n. 82.

PROCEEDING in Certiorari to review an award of the Industrial Accident Commission in favor of dependents of deceased employee.   Award affirmed.

The facts are stated in the opinion of the court.

Clarence B. Runkle, Joe Crider, Jr., and W. I. Gilbert for Petitioner.

Warren H. Pillsbury for Respondents.

HAHN, J., *pro tem.*—This matter comes before the court upon a writ of *certiorari,* the petitioner asking that an award of the Industrial Accident Commission of California be reviewed by this court.

It appears from the record that Terry D. Foster, an unmarried man, met his death while in the course of his em-

---

3. "Dependency" within Workmen's Compensation Act, notes, 13 A. L. R. 686; 30 A. L. R. 1253. See, also, 28 R. C. L. 770.

ployment with the Reliance Oil Company at Huntington Beach, California. The deceased left surviving him a mother and father and also four brothers and sisters, who were minors. At the time of Foster's death, and for some time prior thereto, he was residing with his mother, father and family, although he was absent from home temporarily in his employment. The home located at Los Alamos stood in the name of the mother and was subject to a $2,000 mortgage, which was made payable in monthly installments of $50 each. At the time of the accident, and for several months prior thereto, the deceased had been working at Huntington Beach and had been monthly sending $50 to his mother at Los Alamos. The father of the deceased was working in the oil fields near Norwalk, and was sending to his wife on an average of $3.62½ a day. The wife and mother maintained the home for the four minor children, who were attending school, and the money which she received from both her son and husband was placed in a common fund upon which the mother drew for the funds necessary to pay the $50 monthly on the mortgage, and also to provide food, clothing and maintenance for herself and the four minor children.

The Industrial Accident Commission made the following finding and award in favor of the mother of the deceased and her four minor children:

"Said employee left surviving him Sarah E. Foster, Fred Foster, Bernice Foster, James Foster and Ruth Foster, his mother, minor brother, minor sister, minor brother and minor sister respectively, who were partially dependent upon him for support. The annual contribution for their support was $700.00, this amount being based upon payments of $50.00 a month and the additional sum of $100.00 a year. Said sum of $50.00 a month was paid by the deceased to the dependents to be applied upon the payment of installments due upon a mortgage on the real property which constituted the home of said applicants, said payment being in fact and ultimate effect for the purpose of meeting current expense equivalent to rent and necessary to be paid to provide said dependents with a house in which to live. The payment of $100.00 a year was devoted to the purchase of clothing for said dependents. The death benefit to which said dependents are entitled is $2,100.00, payable in weekly

installments of $20.83. Claimants are also entitled to an award for $ ˙00.00 for burial expenses, payable to Angus McCauley. Said weekly payments are based upon wages in excess of the maximum. Amount accrued to October 4th, 1924 (thirteen weeks) is $270.79, on account of which nothing has been paid.''

[1] The petitioner herein attacks the award of the Industrial Accident Commission on the ground that the finding of the Commission is to the effect that the $50 per month contributed by the deceased prior to his death was used for the payment of the monthly installments due on the mortgage, which, in effect, is a finding that these monthly payments were not contributed for the maintenance and support of the mother and minor children, but rather for an investment in the home. It appears that the Commission in making the findings and award did so upon the theory that the $50 per month contributed by the deceased and used toward the payment of the mortgage was in effect the equivalent of the payment of rent, and if these payments on account of the mortgage had not been made, that the mortgage presumably would have been foreclosed, and the mother and minor children ejected from the home and thus would have been without shelter. The petitioner concedes that it would have been well within the power of the Commission to have made a finding and award for rental, or as the equivalent of rental, but that the finding that the entire sum of $50 per month was the equivalent of rental is not supported by the evidence in the case, and, furthermore, that such a sum for rental compared with the entire sum contributed for the maintenance of the mother and minor children, was out of proportion.

[2] There is nothing in the record to show that the reasonable rental value of the premises occupied by the dependents was less than $50 per month; nor is there any evidence to support petitioner's contention that a dwelling-place was obtainable at a less sum than $50 per month that would have met with the needs and income of the family. Hence this court is not in a position to hold that the $50 per month, as found by the Commission, was not a reasonable amount to be allowed in lieu of rental for the family; and upon the further ground that where there is any evidence

that will support the finding of fact made by the trial body or court, this court will not disturb such finding.

But even were we to assume for the sake of argument that the Commission was not justified in finding that the entire sum of $50 per month was the equivalent of rental, there is both reason and authority for the contention urged by the respondent that even though a portion of the $50 payments was in fact used or operated as a fund for the acquisition of a home, nevertheless such payments would be regarded as well within the provisions of the Workmen's Compensation Act. (Stats. 1917, p. 831.)

In the case of *Milwaukee Basket Co.* v. *Industrial Commission of Wisconsin,* reported in 173 Wis. 391 [181 N. W. 308], the court, considering the question as to whether or not payments made for the purchase of a home occupied by the alleged dependents should be treated as part of the necessary support of the family, said: "Under present day conditions there cannot be any question but that payments, to a reasonable extent at least, for the purpose of maintaining the roof which shelters the family, either in the shape of rent if it be not their own, or interest upon existing indebtedness on such home if it be theirs, and for repairs, insurance, and such like items, should be considered as part of the necessary support of the family within the meaning of the statute."

Again, in the case of *Pushor* v. *American Ry. Express Co.,* 149 Minn. 308 [183 N. W. 839], the court had under review a judgment arising out of the Workmen's Compensation Act of Minnesota. It appears in that case that the deceased, an unmarried son, was contributing his weekly wages of $20 to the family fund. This fund was used to maintain the family and, in addition, to make payments on account of a home purchased by the young man's father. The opinion, reversing the lower court in finding against the claimant, summarized the decision in *Milwaukee Basket Co.* v. *Industrial Commission,* 173 Wis. 391 [181 N. W. 308], as follows: "A year before the boy's death the parents had purchased the house where the family lived. During the year $900, taken from the common earnings of the family, had been paid on the purchase price. The remainder of the earnings was used to support the family. It was

held that the boy's parents were partially dependent for their support upon the earnings of their son, and that compensation should be fixed on the basis of the difference between the amount he earned and the amount necessarily taken from the general family purse for his individual care and support. With respect to the payments for the house, the court remarked that they should be considered as part of the necessary support of the family sheltered under its roof and as the equivalent of rent, which, under present-day conditions, is so large an item in the household budget."

In the case of *In re McMahon*, 229 Mass. 48 [118 N. E. 190], the supreme court of Massachusetts held that the sum of $288.87, saved by the deceased and contributed by him toward the payment of costs of certain alterations on the family home, was a contribution to the support of the dependents.

That a reasonable amount contributed to the payment for a home occupied by the family is a contribution toward the support of the dependents is held in *Atwood* v. *Connecticut Light & Power Co.*, 95 Conn. 669 [112 Atl. 269]. To the same effect is the rule recognized in *Day* v. *Sioux Falls Fruit Co.*, 43 S. D. 65 [177 N. W. 816].

[3] We believe that a reasonable amount used out of the contributions made for the support of the family for acquiring a home or permanent place of abode for the dependents is well within the purpose and intent of the Workmen's Compensation Act of California. · A home that implies the elements of permanency, where the children of the family may gather at the fireside and out of which as a rule emanates certain elements of pride and sacrifice, is quite as important in the general welfare and raising of children as many other elements which are regarded as essential to the maintenance of the family in addition to mere clothing and food. That the legislature intended the act in question to be interpreted as including more than mere food and raiment is apparent when we read section 69 of the act: "Whenever this act, or any part or section thereof, is interpreted by a court, it shall be liberally construed by such court with the purpose of extending the benefits of the act for the protection of persons injured in the course of their employment."

For the foregoing reasons, and upon the considerations set forth, we are of the opinion that the monthly sum of $50 contributed by the deceased to his mother was properly held by the Commission as a contribution for the support of the dependent family. The petition for writ of *certiorari* is therefore dismissed, and the finding and award of the Commission is approved.

Curtis, J., concurred.

CONREY, P. J., Concurring.—I am not prepared to agree that payments of the character here in question would be a sufficient basis for compensation beyond the point where the amounts of the payments made to be applied on the mortgage were the reasonable equivalent of rental of the premises. But under the findings, which I think are justified by the evidence, it may fairly be inferred that the payments which were applied on account of the mortgage indebtedness were nothing more than a substitute for rental which otherwise would have been paid for leased premises occupied by the family.

Subject only to this reservation of opinion on the point stated, I concur in the decision.