CITY OF MILWAUKEE, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*April 2—April 30, 1929.*

The cause was submitted for the appellant on the brief of *John M. Niven,* city attorney, and *Leo A. Mullaney,* assistant city attorney; for the respondent Industrial Commission on that of the *Attorney General* and *Mortimer Levitan,* assistant attorney general; and for the respondent Elizabeth Stanley on that of *Joseph G. Hirschberg* of Milwaukee.

STEVENS, J. William Tork, the twenty-year-old son of Elizabeth Stanley, was killed while in the service of the city of Milwaukee under such circumstances ·that his mother would be entitled to compensation if she was in fact partially dependent upon him for support. The only question presented by the appeal is whether the mother was in fact partially dependent on her son.

The mother was employed as a cook, during the year prior to the death, receiving at the time of the death $25 a week and part of her meals. During most of this year she also ran a rooming house in a rented building. She sold this rooming house shortly prior to her son's death for $2,500.

The mother had married a second time. Her husband was earning $35 a week, in addition to his board, during the year in question. He testified that he gave his wife none of his wages, although she supplied him with a home. After paying rent for the home and the living expenses of herself

and her son, the mother, during the year prior to the death, had saved approximately three times the amount which the commission found that the son had contributed to the support of his mother during this year. This sum was not devoted to payments upon a home or to any other purpose that had to do with the living expenses of the family or the securing of necessary comfort for the family during that year. It was accumulated and set aside as a saving.

As the mother.is not one who is conclusively presumed to be dependent on her son, dependency must be proven by a fair preponderance of the evidence as a prerequisite to the making of any award. "'Present dependency must be shown before any provision of the compensation act can be invoked.'" *Zurich General Acc. & L. Co. v. Industrial Comm.* 196 Wis. 159, 169, 216 N. W. 137, 220 N. W. 377.

In this case the evidence establishes without controversy that the mother was not dependent upon her son for support. On the contrary it appears that she was able to save, during the year prior to his death, a sum in excess of three times the amount which the commission found that the son contributed to his mother.

Reliance is placed upon the amendment of 1923 to sub. (4a) of sec. 102.09 of the Statutes, which provided that "the term 'support' as used in this section shall include contributions to the capital fund of the dependents, for their necessary comfort." It will be noted that by its express terms this amendment applies only to those who are "dependents." So that this amendment is not effective unless the fact of dependency is first established. This amendment was enacted soon after the decision was rendered in *Wisconsin-Minnesota L. & P. Co. v. Johnson,* 173 Wis. 398, 181 N. W. 311, holding that contributions made to the purchase of a home were not contributions to the support of dependents. This amendment may have been prompted by a legislative desire to so change the statute that contributions made to secure

the necessary comfort of dependents by providing them with a home should be considered as a contribution to their support. Again it may have been the legislative intent to settle the question as to the proper construction of the compensation act, upon which the members of this court were in disagreement in *Milwaukee Basket Co. v. Wiecki*, 173 Wis. 391, 397, 181 N. W. 308. Be that as it may, the amendment evidences no legislative intent to change the rule that no award can be made to one who is not conclusively presumed to be dependent, unless such dependency is established as a matter of fact. Such dependency not having been established in this case, the judgment must be reversed with directions to enter judgment setting aside the award.

*By the Court.*—So ordered.