BORN and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*September 16—October 13, 1931.*

For the appellants there was a brief by *Sanders, McCormick & Hayes* of Milwaukee, and oral argument by *A. J. Sanders.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

ROSENBERRY, C. J.   Two questions are raised upon the appeal: (1st) Was the commission authorized to award compensation without a finding to the effect that the claimant, August C. Kegler, father of the deceased, was partially dependent? (2d) Does the evidence sustain the finding of the commission that the defendant August C. Kegler was at the time of the death of his son an unestranged parent?

Sec. 102.09 (4a), Stats. 1929, provides in part:

"If the deceased employee leaves no one wholly dependent upon him for support, partial dependency and death benefits therefor shall be as follows:

"(a) An unestranged surviving parent or parents, residing within any of the states or District of Columbia of the United States, shall receive a death benefit of twelve hundred dollars.

"(b) In all other cases the death benefit shall be such sum as the commission shall determine to represent fairly and justly the aid to support which the dependent might reasonably have anticipated from the deceased employee but for the injury."

It is the contention of the plaintiffs that before the provision of the statute awarding an unestranged parent $1,200 can operate, the Industrial Commission must first find the fact of partial dependency.  It is further argued that sec. 102.09 (4p) prescribes in what relationship dependency shall be conclusively presumed; that if the legislature had

intended by the amendment of 1929 to make the parent conclusively dependent upon a deceased child, the amendment would have referred to sec. 102.09 (4p) instead of ·sec. 102.09 (4a) ; that the result of the amendment was merely to fix the amount, leaving the fact of partial dependence still to be found.

Prior to the amendment in 1929 the statute read as follows :

"Sec. 102.09 (4a). In case the deceased employee leaves no one wholly dependent upon him for support, but one or more persons partially dependent therefor, the death benefit shall be such sum as the commission shall determine to represent fairly and justly the aid to support which the dependent might reasonably have anticipated from the deceased employee but for the accident, considering their physical surroundings and conditions."

This statute was under consideration in the following cases : *Milwaukee Basket Co. v. Wiecki,* 173 Wis. 391, 181 N. W. 308 (1921) ; *Wisconsin-Minnesota L. & P. Co. v. Johnson,* 173 Wis. 398, 181 N. W. 311 (1921) ; *Wisconsin Mut. L. Co. v. Industrial Comm.* 184 Wis. 203, 199 N. W. 221 (1924) ; *Interlake P. & P. Co. v. Industrial Comm.* 186 Wis. 228, 202 N. W. 175 (1925) ; *Thunder Lake L. Co. v. Industrial Comm.* 188 Wis. 418, 206 N. W. 177 (1925) ; *Zurich Gen. Acc. & L. Co. v. Industrial Comm.* 196 Wis. 159, 216 N. W. 137, 220 N. W. 377 (1927, 1928) ; *Milwaukee v. Industrial Comm.* 198 Wis. 583, 225 N. W. 202 (1929). A consideration of these cases discloses that the parent-child relationship gave rise to many difficult questions and it was hard to administer along the lines laid down in the statute. It was undoubtedly the purpose of the legislature to remedy the defects in the law disclosed by these cases that led to the adoption of the amendment of sec. 102.09 (4a) by ch. 453, Laws of 1929.

By the 1929 amendment there were created two classes of persons among those partially dependent : (1) unestranged

surviving parents, and (2) other persons partially dependent. While the language used in the section as amended might be more definite and certain, the legislative intent clearly appears. The fact that it has been so administered by the Industrial Commission since the amendment went into effect indicates quite strongly that such was the general understanding. By the statute parents are declared to be partially dependent to the extent of $1,200 in all cases where they are unestranged. In other cases partial dependency must be established in accordance with the provisions of the statute. It may be that it would have been more logical to have amended sec. 102.09 (4p), which relates exclusively to conclusive presumptions of dependency. The legislative purpose being plain, however, the amendment must be given effect according to its terms. The evidence is ample to sustain the finding of the commission that the claimant was unestranged, within the well established rule applicable to findings of fact made by the Industrial Commission.

*By the Court.*—Judgment affirmed.