E. M. ISAACSON, GUARDIAN, ETC., RESPONDENT, v. CENTRAL COAL & COKE COMPANY, APPELLANT.—44 S. W. (2d) 232.

Kansas City Court of Appeals. December 7, 1931.

*Franklin & Franklin* and *R. S. Kathan* for respondent.

*Walter C. Goodson* and *F. H. Oliver* for appellant.

TRIMBLE, P. J.—This is an appeal from the judgment of the circuit court affirming an award of the Missouri Workmen's Compensation Commission in favor of the guardian of Mary Ellen Isaacson, Grace Martha Isaacson and Joseph Benjamin Isaacson, minor children of Alford Isaacson, deceased, employee, and against the Central Coal & Coke Company, employer. Isaacson met his death while working in defendant's coal mine by reason of a fall of rock therein. He left the three children above named, aged seventeen, fourteen and ten years respectively. A claim for compensation was filed before the Commission, and a hearing was had before one of the commissioners as referee and he ruled that "children of the deceased under the age of eighteen years are conclusively presumed to be total dependents under section 21, Workmen's Compensation Act, Laws of 1927 (now sec. 3319, R. S. 1929), and are, therefore, entitled to the full death benefit." The referee found that the employee's weekly wages were $15.53 and the weekly compensation was $10.29; and on July 14, 1930, awarded compensation as follows:

| | |
|---|---|
| Burial Expenses, | $ 150.00 |
| 300 weeks at $10.29 per week, | 3087.00 |
| Total, | $3237.00 |
| Paid to date by employer, | Nothing |
| Balance due dependents, | $3237.00 |

Application for review was filed by the employer, and the Commission, in its review award on August 11, 1930, found that the employee's weekly wage was $15.53, two-thirds of which is $10.36 instead of $10.29, and that the amount of compensation for 300 weeks at $10.36 was $3108, which with $150 for burial expenses, made a total of $3258, but that the employer had paid the $150 for burial expenses, leaving due dependents $3108 instead of $3257; and ordered that "as so modified, award dated July 14, is hereby affirmed."

Defendant employer thereupon appealed to the circuit court, the only contention between the parties being whether the children, all of them under eighteen years and living with their mother apart from the deceased parent, from whom the mother had been divorced, should be conclusively presumed to be totally dependent.

The employee father was killed April 30, 1930. The parents were married June 11, 1906, and lived together until November 17, 1919.

On February 9, 1930, the wife was awarded a decree of divorce with care, custody and control of the children, together with a judgment for alimony in gross in the sum of $2500 to be paid in installments of $500, which judgment was satisfied in full by the husband paying the last installment February 11, 1924.

On September 13, 1924, the wife filed an application to have the decree of divorce modified so as to provide an allowance against the father for the support of the children, which application was denied by the circuit court. From the date of the rendition of the divorce decree, the children have lived and are now living with their mother at Bucklin, Missouri, apart from their father, and consequently were not living with him at the time of his accident and death. Are they to be conclusively presumed to be total dependents under section 3319, Revised Statutes 1929?

The pertinent part of said section 3319 is as follows:

"The following persons shall be conclusively presumed to be totally dependent for support on a deceased employee in the following order, to-wit:

"1. . . . (Relating to a wife upon a husband or an incapacitated husband upon a wife.)

"2. A natural, posthumous, or adopted child or children, under the age of eighteen . . . *upon the parent with whom he is living at the time of the death of such parent,* there being no surviving parent or stepparent. . . . In all other cases questions of total or partial dependency shall be determined in accordance with the facts at the time of the injury, and in such other cases, if there is more than one person wholly dependent the death benefit shall be divided equally among them."

Although the circuit court had refused to modify the divorce decree so as to require the father to contribute to the support of the children, yet he voluntarily made them gifts of money and would sometimes give them a suit of clothes or a dress and school books when he went to see them, all of which the mother estimated would average $25 per month the year through; and this he had been doing for a period of five and a half years prior and up to the time of his death.

Under the terms of section 3319, Revised Statutes 1929, no conclusive presumption of total dependency arises in cases where the children are not living with the deceased employee at the time of his death. And such is the ruling in Glaze v. Hart, 36 S. W. (2nd Series) 684; Gendron v. Dwight Chapin & Co., 37 S. W. (2nd Series) 486.

Respondent, however, contends that even if there is no conclusive presumption arising in this case, still we should affirm the judgment of the lower court because the facts show a total and not a partial

dependency. But the question of whether there is a total dependency is one of fact ·under the circumstances and matters of fact are for the Commission and not for this court to determine. The record does not disclose that the Commission considered the facts and decided the question of· total dependency on them, but that, under the statute, the claimants were conclusively presumed to be totally dependent. Neither can we agree that the facts disclosed show, as a matter of law, that they are totally dependent. All we can do is to either reverse or affirm such a judgment.

It is accordingly reversed and the cause remanded to the circuit court with directions to remand the cause to the Compensation Commission for further hearing. All concur.