ELLEN M. ISAACSON, GUARDIAN, ETC., RESPONDENT v. CENTRAL COAL AND COKE CO., APPELLANT.—56 S. W. (2d) 831.

Kansas City Court of Appeals. February 6, 1933.

*R. S. Kathen* and *Franklin & Franklin* for respondent.

*Walter C. Goodson* and *F. H. Oliver* for appellant.

BLAND, J.—This is an appeal from a judgment of the circuit court affirming an award of the Workmen's Compensation Commission in favor of the guardian of the minor children of Alfred Isaacson, deceased, who was killed while working in defendant's coal mine. This is the second appeal in the case. (See Isaacson v. Central Coal & Coke Co., 44 S. W. (2d) 232), where the facts are stated.

In the former appeal we reversed the judgment and remanded the case for the reason that the Workmen's Compensation Commission had erroneously proceeded on the theory that the minor children in question were conclusively presumed to be total dependents of deceased. We directed the circuit court to remand the cause to the commission to ascertain, as a matter of fact and independently of any presumption, whether the minor children in question were total dependents. This was done and the commission found that they were total dependents and awarded compensation for 300 weeks at $10.36 per week or $3108, together with burial expenses in the sum of $150, making the total sum of $3258; but it allowed defendant a credit in the sum of $685.73 which it had paid, resulting in a judgment in favor of claimant in the sum of $2572.27. Defendant appealed to the circuit court. As before stated the court affirmed the award of the commission resulting in this appeal to this court by the defendant.

The children in question were living with their mother and the former wife of the deceased at the time of his death. The parents lived separate and apart on account of having been divorced. For sometime prior to his death deceased had been contributing $25 per month in cash to the support of the children, as well as supplying them with some clothing, food, medical attention, etc. Deceased owned a farm and would furnish supplies in the way of food from it which he gave to the mother for the table. The mother owned the home in which she and the children lived. The evidence shows that the home was worth about $800 and that it had a mortgage of $650 on it; that the mother worked as a janitress earning $15 per month; that she was in poor health and was required to pay her doctor bills, interest, taxes, insurance and repairs out of her earnings; that she also received twenty-five cents a meal from her son when he would eat at her house.

The commission, under the heading, "Finding of Facts and Rulings of Law," made the following finding:

"This case is before the Commission on rehearing in accordance

with the opinion of the Kansas City Court of Appeals reported in 44 S. W. (2d) 232. We find from the evidence introduced that the dependents were as a matter of fact totally dependent upon the deceased for support at the time of the injury. The deceased was not only contributing money to their support, but he also furnished food and bought wearing apparel for the children and, in our opinion all of these contributions were sufficient to totally support these children. Therefore, they are entitled to a total death benefit to be divided between them in equal shares."

It is the contention of the defendant that the only way in which the children could have become total dependents was that they be wholly supported out of the wages of the deceased; that there being no evidence that the food, provisions, clothing and wearing apparel furnished by the deceased to the children were purchased by deceased out of the wages he received from the employer, the claimant failed to sustain the burden upon her to show that the children were total dependents, as claimed by her.

It is unnecessary to go into an extensive examination of the various sections of the Workmen's Compensation Act in order to determine the point raised by the defendant, for the reason that practically the same matter was decided by the St. Louis Court of Appeals in the case of Rasor v. Marshall Hall Grain Corp., 25 S. W. (2d) 506. In that case the dependent mother was supported partially from the income of cows and chickens owned by the employee and kept on a farm where she lived. In answer to the contention that the mother was not wholly dependent upon her son for support, within the meaning of the statute, the court said, l. c. 507:

"It is urged by respondent that it is apparent from the language of the act above quoted that the Legislature intended for the commission to determine the question of *dependency* solely upon the basis of contributions made from the wages of a deceased employee. We do not agree with this contention in its entirety. We think that it is apparent from the language used that the Legislature intended for the commission to determine the *amount due* a dependent solely upon the basis of the wages received by a deceased employee. Before one can be a dependent, he or she must be a relative by blood or marriage of a deceased employee, who is dependent for support, in whole or in part, upon the employee's wages, but this does not mean that, in order that a dependent may be a total dependent, he or she must be wholly dependent upon the wages of the deceased. In order to be a dependent, you must be an actual dependent, in whole or in part, upon the wages. You cannot be exclusively dependent upon some other source of income, and recover as a dependent, but the part of the statute above quoted does not mean, in our opinion, that you must be dependent upon wages exclusively for your support before you can be a total dependent, because under the provisions of the

act the question of dependency in a case of this kind is a question of fact.''

This statement of the law meets with our entire approval. [See, also, State ex rel. v. District Court, 131 Minn. 27; Russell v. Mc-Gaughey, 147 N. E. 283 (Ind.); Blue Diamond Coal Co. v. Fraizer, 17 S. W. (2d) 406 (Ky.).]

Defendant points out that the children lived in the home owned by the mother; that she did the sewing, washing, ironing and cooking for them and, consequently, it is claimed that they were not supported entirely by deceased. No effort was made in the trial before the commission to ascertain the value of the home furnished by the mother or the other things she did for the children. It appears, however, that the $25 per month that deceased contributed in cash was paid to the mother and there is a fair inference that the food furnished by deceased was consumed, in part, by her. She positively testified more than once before the commission that neither she nor any one else than deceased furnished anything toward the support of the children. It was within the province of the commission to infer that whatever was the value of the home and the services rendered by the mother to the children was compensated by deceased's contributions to the family as a whole. In other words, that the mother was compensated by deceased for what she did in the way of furnishing the home and services to the children by what she received from him in the way of food, etc. It would appear that if the matter of furnishing the home and services by the mother had any substantial bearing in the mind of defendant upon the dependency of the children upon the deceased, the matter would have been gone into more fully before the commission. The commission may have determined that, if it had any practical bearing, the mother was fully compensated for these things by the contributions of the money and food to the family as a whole. The commission was the sole judge of the facts in this case and we do not feel, under the circumstances, that we would be justified in over-riding their finding in reference to the matter. [See Buckley's case, 218 Mass. 354.]

In support of its contention defendant cites section 3322, Revised Statutes 1929, which reads as follows:

''No savings or insurance of the injured employee, nor any benefit derived from any other source than the employer or the employer's insurer for liability under this chapter, shall be considered in determining the compensation due hereunder.''

This section throws no light upon the case. It is upon the question of determining the amount of compensation rather than that of the character of the disability, whether total or partial. It seems to have been enacted for the benefit of the claimant rather than the employer, as it excludes benefits derived from other sources when the matter arises of determining the amount of the compensation due.

We have examined the cases cited by defendant and find them not in point. Most of them are upon the question of the proper amount to be awarded in case of partial disability. The judgment is affirmed. All concur.