# STATE EX REL. CROOKSTON LUMBER COMPANY v. DISTRICT COURT OF BELTRAMI COUNTY AND ANOTHER.[1]

October 22, 1915.

Nos. 19,499—(171).

**Workmen's Compensation Act.**

1. A widowed mother, without means, who is supported by her son partly by the wages of his employment and partly by the yield of his land, is wholly dependent upon her son for support, within the meaning of the Minnesota compensation act. G. S. 1913, § 8208, subd. 2.

**Same — "wholly dependent."**

2. To constitute total dependency within the meaning of the act, it is not necessary that the dependent be supported wholly out of the wages of the employee's employment.

**Same.**

3. In determining compensation under the statute, it is immaterial whether the claimant inherited anything from the estate of the employee.

**Minimum compensation.**

4. Under G. S. 1913, § 8208, the minimum compensation to a person wholly dependent on the deceased employee is $6 a week for 300 weeks.

Upon the relation of the Crookston Lumber Company this court granted its writ of *certiorari* directed to the district court for Beltrami county and the Honorable C. W. Stanton, one of the judges thereof, commanding them to return to this court all the records and proceedings and all evidence introduced or offered at the trial in relation to the matter of compensation for the death of Tobias Olsen Haddeland, also known as Tom Hedland, against the Crookston Lumber Company. Affirmed.

*R. J. Powell and Ernest C. Carman,* for relator.

*Ambrose Tighe and Howard Wheeler,* for respondents.

[1] Reported in 154 N. W. 509.

Note.—For a full discussion, with review of all authorities, of the various questions arising under workmen's compensation acts, including question who are dependents?—see note in L.R.A. 1916A, 23.

HALLAM, J.

Tom Hedland was killed while in the employ of the Crookston Lumber Company by an accident arising out of the course of his employment. He was receiving wages the equivalent of $50 a month. He was unmarried and left surviving him a widowed mother residing in Norway, where deceased formerly resided. The trial court found as a fact that the mother of deceased was wholly dependent upon him, and allowed compensation to her under the Workmen's Compensation Act (G. S. 1913, c. 84a), on the basis of $6 a week for 300 weeks.

By stipulation of the parties two questions are presented on this appeal:

First, whether the claimant is a total dependent within the meaning of the act.

Second, whether, if a total dependent, she is entitled to receive as compensation $6 a week for a period of 300 weeks.

1. As to the first proposition the facts are as follows:   In 1909 deceased received from his father a deed to some land in Norway. It was a small tract of land. The evidence shows that it was sufficient to support three cows and two or three sheep, and yielded some grain and potatoes. The circumstances and consideration for the transfer do not appear. The land was encumbered, but in what amount does not appear. The father died April 23, 1910. At the time of the son's death the mother was receiving the yield of this little farm. During the period from December, 1909, to July, 1913, the son remitted to his mother at various times $295 in cash. It appears that some of this was required to pay interest on the encumbrance on the farm. The son died February 2, 1914. The mother testified that she had no property, that she was wholly dependent upon the deceased for her subsistence, and that she had no other source of income except the money he sent her and the yield on his little farm. We can have no doubt that she was "wholly dependent" upon her son for support as these words are ordinarily understood and as they should be construed in the statute.

It is urged she must have contributed her own labor in order to make the farm yield, and that, accordingly, the contributions of deceased were not her only support. The evidence does not show that she worked

the farm herself. It simply shows that she received the yield of it. We need not consider what the law would be if the facts were otherwise.

It is contended that under the compensation act "the question of dependency of a claimant must be determined by the fact of contribution from the wages of the employee to such claimant," and that since the deceased did not support his mother wholly from his wages there was no total dependency within the meaning of the act. We cannot so construe the statute. The language is as follows:

"Any * * * husband, mother, father, grandmother, grandfather, sisters and brothers who were wholly supported by the deceased workman at the time of his death, and for a reasonable period of time immediately prior thereto, shall be considered his actual dependents. G. S. 1913, § 8208, subd. 2.

Nowhere does the statute say that, in order to make this section applicable, the support must have been out of the wages of the employment, and we cannot interpolate those words into the statute. In this particular this section differs from section 8208, subdivision 3, relating to partial dependents. It likewise differs in this particular from the English Workmen's Compensation Act of 1906, so that English decisions on this point are not pertinent here.

There is some suggestion that since the record shows that claimant is an "heir at law" of her son, she must have inherited from him at least an interest in the little farm, and that his death was not the loss to her of this part of her support. We see no particular significance in the fact that interest she may have inherited was an interest in the particular land from which she had received the yield. She had no interest in the land prior to her son's death. His contribution of the yield of it was, so far as appears, purely voluntary and could have been stopped by him at any time. The situation would not have been different had the property inherited from him been other property. The adoption of the rule contended for would in effect require the court, in administering the compensation law, to conduct an investigation to determine whether the loss by a dependent mother of her son may be turned to her financial benefit, then weigh that benefit against the benefit she was receiving from her son while he lived, then strike a

balance, and award compensation only in cases where the value of the inheritance from the deceased is less in dollars and cents than the value of the support received from the living. This is precisely what the compensation act was calculated to avoid. The scheme of the compensation act was to make the amount to be recovered in case of accident a certain fixed sum, and, by thus fixing an arbitrary standard, to avoid the necessity of embarking on a troublesome inquiry as to the damages actually sustained. The statute provides a definite method of ascertaining the amount of compensation in case of death, with a certain maximum and minimum. This amount is not subject to deduction or offset. This is the construction placed by the courts upon the English statute. Pryce v. Penrikyber Navigation Colliery Co. L. R. 1 K. B. (1902) 221, and, in our judgment, it is the proper construction of our statute.

The amount of compensation allowed was proper. It was the minimum amount allowable under the statute as we construe it. G. S. 1913, § 8208, subd. 12, reads as follows:

"If the deceased employee leave no widow or children or husband entitled to any payment hereunder, but should leave a parent or parents, either or both of whom are wholly dependent on the deceased, there shall be paid, if only one parent, twenty-five per centum of the monthly wages of the deceased, and if both parents, thirty-five per centum of the monthly wages of the deceased to such parent or parents."

Subdivision 17 of the same section reads as follows:

"Death Compensation.—The compensation in case of death shall be subject to a maximum compensation of ten dollars ($10.00) per week and a minimum of six dollars ($6.00) per week; provided, that if at the time of injury the employee receives wages of less than six dollars ($6.00) per week, then the compensation shall be the full amount of such wages per week. This compensation shall be paid during dependency, not exceeding three hundred (300) weeks."

Reading these two sections together, the intent is clear to make the minimum compensation for death of an employee to a person wholly dependent upon him $6 a week for 300 weeks. This is the amount the court allowed.

Judgment affirmed.