## GEO. A. LOWE CO. et al. v. INDUSTRIAL COMMISSION OF UTAH.

No. 3484.   Decided June 29, 1920.   Rehearing denied July 15, 1920.
(190 Pac. 934.)

1.   MASTER AND SERVANT — EVIDENCE HELD TO SHOW DEPENDENCY WITHIN COMPENSATION LAW.   In a proceeding for compensation claimed by father and mother of deceased servant, evidence *held* to establish the partial dependency of the claimants within Laws 1917, chapter 100, as amended by Laws 1919, chapter 63.

2.   MASTER AND SERVANT—FINDING OF DEPENDENCY WITHIN COMPENSATION LAW CONCLUSIVE.   The decision of the Industrial Commission is conclusive on the question of dependency of claimants

awarded compensation for the death of a servant, where sustained by some substantial testimony.

3.  MASTER AND SERVANT—COMPENSATION AWARDED NOT INVALIDATED BY FAILURE TO FIND DAILY WAGE. Claimants having established partial dependency on deceased servant under Laws 1919, chapter 63, amending Comp. Laws 1917, section 3140, subd. 3, an award based on the average weekly wage was not invalid because the commission failed to make a finding as to amount of the daily wage, especially where under the evidence the only finding that could have been made would justify the award.

4.  MASTER AND SERVANT—AMOUNT OF COMPENSATION AWARDED NOT REVIEWABLE. Where the amount of compensation awarded by the Industrial Commission is sustained by some substantial evidence, it is not the province of reviewing court to disturb it.[1]

Petition by Robert J. Eames and wife, as father and mother and Lucy K. Eames, to the Industrial Commission of Utah for an award against Geo. A. Lowe Company, employer. Award granted. Application for rehearing denied, and the employer and the Ætna Life Insurance Company, insurer, bring *certiorari* to the Industrial Commission.

AWARD SUSTAINED.

*De Vine, Stine & Gwilliams*, of Ogden, for plaintiffs.

*Dan B. Shields*, Atty Gen., and *Chez & Barker*, of Ogden, for defendant.

CORFMAN, C. J.

On the 27th day of December, 1919, George W. Eames, of Harrisville, Utah, met his death by reason of an accident arising out of and in the course of his employment with the plaintiff Geo. A. Lowe Company. The plaintiff Ætna Life Insurance Company was the insurance carrier of Geo. A. Lowe Company.

---

[1] *Evans v. Ind. Com. of Utah*, 52 Utah 394, 174 Pac. 825; *Reteuna v. Ind. Com. of Utah*, 55 Utah 258, 185 Pac. 535.

Under the provisions of chapter 100, Laws of Utah 1917, as amended by chapter 63, Laws of Utah 1919, Robert J. Eames and Lucy K. Eames, the father and mother of said George W. Eames, filed their petition for compensation with the Industrial Commission of Utah, claiming that they were dependents of the decedent. After the issues were joined and a hearing had, the said commission made an award against the plaintiff Geo. A. Lowe Company, granting to the said claimants compensation at the rate of $11.25 per week for a period of 284 weeks but not to exceed $3,199. After an application for a rehearing, which was denied by the commission, the proceedings were brought to this court for review under a writ of *certiorari* sued out by the plaintiffs. They contend that the award made by the commission should not be sustained: First, for the reason that the evidence was insufficient to establish the dependency of the claimants; secondly, that the commission failed to make any finding of the average weekly wage of decedent; and, thirdly, that the award made was excessive.

The record shows that claimants are the parents of the decedent. They owned and lived upon a farm heavily incumbered by a mortgage. Their family included two daughters, under age, the decedent and his grandparents, all of whom reside together and were dependent upon the income from the farm for the necessaries of life. The decedent, age twenty years and ten months, had assisted his parents in doing the general farm work, except when occasionally employed elsewhere, at which times he would contribute his earnings to the family support, including apparel for himself and at times for other members of the family. At the time of the accident in which decedent was killed he was an employé of the plaintiff Geo. A. Lowe Company and had been earning under said employment three dollars and twenty-five cents per day six days in a week, for a period of about three months. During the time he was thus engaged with the Geo. A. Lowe Company he had obtained his lodging and meals without charge at claimant's home. On account of his absence from work on the farm it was arranged between him-

self and the claimants that he should contribute his earnings in payment of other help employed to assist in doing the farm work. As to the exact amount in dollars and cents derived from, and the full extent of, the dependency of claimants upon the decedent, the record is not certain and clear, but that they were dependent upon and that they received practically all of decedent's earnings and the benefits of his labor cannot be doubted from a reading of the evidence. All that may be said in this connection is that decedent was at the time of the accident capable of and was earning three dollars and twenty-five cents per day, that all of his life he had contributed his labor and earnings to the support of claimants, and that there is substantial evidence in the record tending to show that claimants were dependent upon decedent's labors and earnings for the support and maintenance of themselves and the members of their family. Dependency in this class of cases has been universally held to be a question of fact to be determined by the commission, not the reviewing court. Dosker's Compensation Law, section 170.

Under the facts and circumstances of this case as disclosed by the record, we think partial dependency of the claimants was fully established within the purview and meaning of our statute. Further, the decision of the commission was final and conclusive on this question as well as all other questions of fact where there is some substantial testimony in the record to sustain it. *Smith* v. *National Sash & Door Co.*, 9 Kan. 816, 153 Pac. 533; *Herrick Case*, 217 Mass. 111, 104 N. E. 432; *In re Kelly's Case*, 222 Mass. 538, 111 N. E. 395; *Walz et al.* v. *Holbrook, Cabot & Rollins Corp.*, 170 App. Div. 6, 155 N. Y. Supp. 703.

The next question presented by the plaintiff is whether or not the failure of the commission to make a finding as to the daily wage of decedent at the time of the accident invalidates the award.

Having established partial dependency upon the decedent, under the provisions of section 3140, subd. 3, as amended by chapter 63, Laws of Utah 1919, claimants were entitled to

Certiorari.   Award Sustained

"60 per cent. of the average weekly wages, but not to exceed the maximum of sixteen dollars per week, and to continue for all or such portion of the period of six years after date of the injury as the commission in each case may determine, and not to amount to more than a maximum of $5,000.00."

The evidence shows beyond any dispute that decedent was earning at the time of the accident three dollars and twenty-five cents per day. The commission failed to make any such finding. Had the commission made a finding, no other finding than one to that effect could have been made under the evidence before it. There appears in the record, however, a purported copy of an unsigned stipulation certified under seal by the clerk of the commission "that the wage earned by decedent at the time of the accident was three dollars and twenty-five cents per day, working six days per week." By permission of the court an affidavit made by the referee was filed, stating in substance that the said stipulation with respect to wages earned by decedent was a clerical error, and that no such stipulation was made by the interested parties. Be that as it may, we find no express requirement in the act that such a finding is necessary to a valid award, and in any event we cannot conceive of any good reason why an award should be set aside by reason of such failure and the case referred back to the commission when, as in this case, no other finding could be made under the evidence than that decedent earned three dollars and twenty-five cents per day at the time of the accident. Such a finding would, if the case were referred back to the commission, be the only finding in that regard that could be made, and not only that, but it would support the award, be conclusive, and not subject to review by this court, in view of the testimony heretofore pointed out.

Notwithstanding the liberal provisions of our statute with respect to proceedings held by the commission, we think it would be better, although not legally essential, if the commission would in all cases make findings upon which they predicate an award.

Lastly, the plaintiffs complain that the award made is excessive. They assign many reasons in support of their contention. We will not pause to discuss them in detail. As we view the record under consideration, the award made by the commission did not exceed the powers granted to it by the statute. Both the matter of dependency and the amount to be awarded were questions of fact for their ascertainment and determination from the evidence before them, and it is not by statute or otherwise made our province as a reviewing court to disturb the award so long as there is some substantial evidence to sustain it. *Murphy's Case,* 218 Mass. 279, 105 N. E. 635; *Appeal of Hotel Bond Co.,* 89 Conn. 143, 93 Atl. 245; *Evans* v. *Ind. Com of Utah,* 52 Utah 394, 174 Pac. 825; *Reteuna* v. *Ind. Com. of Utah,* 55 Utah 258, 185 Pac. 535.

Under the provisions of the act our review is confined in this class of cases to certain defined and fixed subjects and can be extended no further than to determine whether or not:

"(1)   The commission acted without or in excess of its powers; (2) if findings of fact are made, whether or not such findings of fact support the award under review."

We think the jurisdictional facts entitling the commission to exercise its powers in the present case were fully and completely established by the proceedings as shown by the record before us. There can be no doubt about that. If there had been full and complete findings instead of only partial findings made by the commission, such findings of fact would have amply supported the award. Failure in that regard, therefore, should not defeat the purposes of the act to secure for employés and their dependents the prompt payment of coompensation under its provisions. A substantial compliance with its provisions is all that is legally required. The act itself provides:

"A substantial compliance with the requirements of this act shall be sufficient to give effect to the orders of the commission, and they shall not be declared inoperative, illegal or void for any omission of a technical nature in respect thereto."

In this case we think the record conclusively shows that the

claimants were dependent upon the labors and earnings of the decedent. He was receiving at the time of his death three dollars and twenty-five cents per day. The amount earned supports the award. The award made to claimants was within the limit prescribed by the statute, and should be sustained.

It is so ordered.

FRICK, WEBER, GIDEON, and THURMAN, JJ., concur.