CHARLES PUSHOR AND ANOTHER v. AMERICAN
RAILWAY EXPRESS COMPANY.[1]

June 24, 1921.

No. 22,217.

**Finding controlled by specific facts previously found.**

1. A finding, in form one of fact but in reality in the nature of a conclusion from specific facts set forth in the preceding findings, is controlled by such specific facts.

**Workmen's compensation — parents partially dependent on minor son.**

2. Following the construction of subdivision 3, § 8208, G. S. 1913, adopted in Fleckenstein Brewing Co. v. District Court of Rice County, 134 Minn. 324, it is *held* that the parents of a minor son, living with them regularly and giving his wages to his mother to be used in paying the household expenses, are his partial dependents, even though the father's earnings would have been sufficient to maintain the family if they had not been expended in the purchase of the house which it occupied. .

**Same — interstate common carrier liable for death of servant.**

3. The son was accidentally killed while in the employ of an interstate common carrier by express. *Held*, that there was liability under the workmen's compensation act notwithstanding that fact.

Upon the relation of plaintiffs the supreme court granted its writ of certiorari directed to the district court for Hennepin county and the Honorable Daniel Fish, judge thereof, to review the judgment of that court dismissing proceedings brought under the Workmen's Compensation Act by the parents of Willard C. Pushor, employe, against American Railway Express Company, as employer. Reversed.

*Mead & Bryngelson* and *A. D. Evans,* for relators.

*John W. Gilger* and *Milton D. Purdy,* for respondent.

LEES, C.

Certiorari to review a judgment of dismissal in a proceeding under

1Reported in 183 N. W. 839.

the workmen's compensation act. The trial court found that on October 18, 1918, Willard C. Pushor, then 17 years and 5 months old, was accidentally killed while employed by defendant and engaged in delivering certain commodities shipped from a state other than Minnesota to the Westinghouse Company in Minneapolis. The transportation and delivery of such commodities constituted a transaction in interstate commerce. Plaintiffs are Willard's parents. Their son's weekly wage, at the time of the accident, was $20. He was living at home and regularly turned over to his mother all his earnings and had done so ever since he began to earn money. She paid his living and personal expenses, and gave him such small sums for his own use as he required. His father, a painter by trade, was regularly employed during the trade season. At other times he found remunerative employment and his earnings were sufficient to support himself and his family and to make payments on a house purchased on contract and fully paid for at the time of the trial. The son's earnings, including occasional sums received from boxing exhibitions, were used by the mother for the ordinary family expenses, to which the father also contributed a part of his income, the remainder being applied to meet payments on the contract for the purchase of the house. The mother owns 160 acres of timbered land in Koochiching county and derives some income from the sale of logs and fuel.

Thus far there is no controversy over the findings, both parties being satisfied with them. The final finding is that Willard's parents were never dependent upon him for their living. This finding is assailed by plaintiffs and was the factor which turned the decision in defendant's favor. Since it is in the nature of a conclusion from specific facts set forth in the preceding findings, we regard it as essentially an inference from and as being controlled by such specific facts. Wheeler v. Gorman, 80 Minn. 462, 83 N. W. 442; Lamberton v. Youmans, 84 Minn. 109, 86 N. W. 894; Thomas Peebles & Co. v. Sherman, 148 Minn. 282, 181 N. W. 715. So regarded, we think it cannot be sustained. The statute in force at the time of Willard's death read thus: "Partial dependents. Any member of a class named in subdivision (3), who regularly derived part of his support from the wages of the deceased workman at the time of his death and for a reasonable

period of time immediately prior thereto shall be considered his partial dependent, and payment of compensation shall be made to such dependents in the order named." Subdivision (3A), section 5, c. 209, p. 290, Laws 1915.

For the purposes of this case the dependents in the order named in subdivision 3 are Willard's mother and father.

The statute was construed and applied in Fleckenstein Brewing Co. v. District Court of Rice County, 134 Minn. 324, 159 N. W. 755, where the facts were substantially the same as here. "The test of dependency," said the court, "is not whether" the boy's parents "could support life without the contributions of deceased, but whether they regularly received from his wages part of their income or means of living." It seems to us that the rights of the parties are determined by that case. It was cited with approval in Milwaukee Basket Co. v. Wiecki, 173 Wis. 391, 181 N. W. 308, where the facts were almost identical with those in the case at bar. The deceased workman was a 19 year old boy, one of a family of six children who lived with their parents. The father, a younger brother and two sisters were wage earners. A year before the boy's death, the parents had purchased the house where the family lived. During the year $900, taken from the common earnings of the family, had been paid on the purchase price. The remainder of the earnings was used to support the family. It was held that the boy's parents were partially dependent for their support upon the earnings of their son, and that compensation should be fixed on the basis of the difference between the amount he earned and the amount necessarily taken from the general family purse for his individual care and support. With respect to the payments for the house, the court remarked that they should be considered as part of the necessary support of the family sheltered under its roof and as the equivalent of rent, which, under present day conditions, is so large an item in the household budget.

In Connors v. Public Service Electric Co. 89 N. J. Law, 99, 97 Atl. 792, an adult son, living with his parents, gave his weekly wage to his mother. His father, mother and a sister were all wage earners. The court said that, since the earnings of the deceased son went to the general support of the family, it was a legitimate inference that the family was deriving

substantial benefit from the fact that he remained at home and voluntarily gave his wages into the common· fund. It was accordingly held that the father, mother ·and sister were actual dependents of the deceased.

The language of the statute, the conclusion reached in the Fleckenstein case and the views expressed in the Wisconsin and New Jersey cases, are all adverse vo defendant's contention that the specific facts found permit the conclusion that Willard's parents were not his partial dependents. We hold that they were such dependents, and that the case should have been disposed of in conformity with the legal conclusion which follows.

2. No point is made of the finding that defendant is a common carrier in interstate commerce of parcels by express. Liability under the Workmen's Compensation Act exists notwithstanding that fact. State v. District Court of Ramsey County, 142 Minn. 410, 172 N. W. 310; Wells Fargo & Co. v. Taylor, 254 U. S. 175, 41 Sup. Ct. 93, 65 L. ed. 105.

The judgment is reversed and the case remanded with directions to the district court to proceed to ascertain, compute and determine the compensation payable to plaintiffs under the applicable statutory provisions, as partial dependents of their deceased son.