THUNDER LAKE LUMBER COMPANY, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*November 20—December 8, 1925.*

*Workmen's compensation: Death of minor: Dependency of father: How ascertained: Son working on father's farm.*

1. In a proceeding by a father under the workmen's compensation act to recover for the death of his minor son, to justify a finding of the dependency of the father on the son it must appear that the amount contributed by the son to his support exceeded the cost of the support of the son, who lived with his father's family.  p. 420.

2. Where the minor son, living most of the time with his father, worked on the father's farm six and one-half months of the year immediately preceding his death, and received board and

a home during the entire year except for about one month, the excess of the value of his services more than equaled the four and one-half months' board for which the father received nothing; and a finding by the industrial commission that such amount was $150 was amply supported by evidence on which to base the award for the son's death. p. 421.

3. Services in working on a farm performed by a minor son for his partially dependent father are a proper basis of compensation to the father under sub. (4) (c), sec. 102.09, Stats. 1923, for the death of the son, it not being necessary that the son's contribution to the father be in cash. p. 421.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The cause was submitted for the appellant on the brief of *Charles F. Smith* of Rhinelander, and for the respondent *Industrial Commission* on that of the *Attorney General* and *Mortimer Levitan* and *F. C. Seibold,* assistant attorneys general.

OWEN, J.   This action· was brought in the circuit court for Dane county to set aside an award of the *Industrial Commission.* From a judgment of the circuit court affirming the award plaintiff brings this appeal.

It appears that on April 15, 1924, Melvin Larson, nineteen years of age, son of *L. O. Larson,* while in the employ of the plaintiff, sustained an injury resulting in his immediate death. *L. O. Larson* filed a claim with the *Industrial Commission* for compensation, on the ground that he was a dependent of the deceased, Melvin Larson. The *Industrial Commission* found that the claimant was partially dependent upon the deceased, and that the deceased had contributed $150 to the support of the claimant during the year immediately preceding his death, and made an award in favor of the claimant for the sum of $600. It is the contention of the appellant that the evidence taken before the *Industrial Commission* does not sustain the finding of dependency made by the *Commission.*

The claimant had a sixty-acre farm of which there were thirty acres cleared. He had seven boys and three girls. Five boys, however, were of age and did not live at home. Melvin, and Lester, eighteen years of age, were the only boys living at home. By the aid of these boys the father was able to carry on the farm without the employment of any farm labor. It appears that Melvin was nineteen years of age on the 17th day of May, 1923. He finished school in June, 1923. Thereafter, and until the month of November, 1923, he stayed at home and worked on his father's farm, with the exception of a short time, when he worked on an adjacent farm and on golf grounds. During this time he helped whenever it was necessary on the farm and did some carpenter and stone-mason work. Some time during the month of November he went to work for his brother at a gas station and worked there until after January 1st. He then went to the woods where he worked about a month, returning home in February. During the remainder of the winter he put in about a month and a half cutting spruce on his father's farm. Claimant testified that the work he did on the farm during the summer was worth from $3.50 to $4 per day and board, and that the work he did in cutting spruce was worth about $2.50 per day and board. The father paid the son no wages, but the son kept the money he earned while working for others. The son at no time paid any board.

It thus appears that the son worked for the father from some time in June to some time in November, a period of five months, except an indefinite but comparatively short time when he was at work on a farm and on golf grounds, and during the winter he worked for a month and a half cutting spruce. In order to justify a finding of dependency it must appear that the amount contributed by the son to the support of the father exceeded the cost of his support during the year. *Wisconsin Mut. L. Co. v. Industrial*

*Comm.* 184 Wis. 203, 199 N. W. 221. The son received his board during the entire year except the month that he was in the woods, but at least during six and one-half months of this time he was rendering services on the farm which were worth a substantial amount in excess of his board. Such excess more than compensated for the four and one-half months' board for which the father received nothing. The difference between this excess and the value of his board for four and one-half months indicates the amount of the son's contribution to the support of the father. The *Industrial Commission* fixed this amount at $150, which finds ample support in the evidence.

The appellant complains concerning the value which the father fixed upon the services of the son. It is apparent, however, that the *Industrial Commission* discounted the value so fixed, as such estimate taken at its face value would have resulted in a contribution considerably in excess of $150. Under the provisions of sub. (4) (c), sec. 102.09, Stats. 1923, the father was entitled to an award of four times such annual contribution, or $600, the amount of the award.

Appellant's counsel seems to be of the opinion that in order to constitute dependency the contribution must have been in cash. Such, however, is not the case. Services rendered by a son to enable his father to carry on his farm are as much contribution to the support of the father as cash which would have enabled the father to hire a man to do the work.

*By the Court.*—Judgment affirmed.