## WILLIAM J. BARTKEY v. SANITARY FARM DAIRIES AND ANOTHER.[1]

February 4, 1927.

No. 25,804.

**Regularity of contribution essential element of partial dependency.**
   Substantial regularity of contribution toward support, under the compensation act, is an essential element of partial dependency.

Workmen's Compensation Acts—C. J. p. 61 n. 82; p. 122 n. 40.

Certiorari to review an order of the industrial commission denying compensation in a proceeding under the workmen's compensation act. Affirmed.

*Frank E. McAllister* and *Thomas V. Sullivan,* for relator.
*Ernest E. Watson,* for respondents.

WILSON, C. J.
Certiorari to review an order of the industrial commission denying compensation.

Employe suffered an accidental injury which arose out of and in the course of his employment for Sanitary Farm Dairies Company, resulting in his death. He was a single man 29 years old. His father, mother, and a 16-year-old sister survive and claim to be partial dependents.

A partial dependent is one. "who regularly derived part of his support from the wages of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto." G. S. 1923, § 4275, subd. 4.

[1]Reported in 212 N. W. 175.

Partial dependents are entitled to receive only that proportion of the benefits provided for actual dependents, which the average amount of wages regularly contributed by the deceased to such partial dependents, at and for a reasonable time immediately prior to the injury, bears to the total income of the dependents during the same time. G. S. 1923, § 4275, subd. 17.

Deceased paid to his parents $40 per month for board. About four years prior to his death he paid about $95 for medical attention for his father. About one and a half years prior to his death he paid $40 for coal for the family. For a long period the son had made contributions at irregular intervals for the comfort, pleasure, and necessities of the parents and minor sister. The evidence supports the finding that the regular monthly payment was for board and was a business transaction and not a contribution within the spirit of the compensation act. There was no other "regular" contribution. The test is whether the employe "regularly" turns over to the dependents a part of his wages toward their support. State ex rel. Fleckenstein B. Co. v. District Court, 134 Minn. 324, 159 N. W. 755; Pushor v. American Ry. Exp. Co. 149 Minn. 308, 183 N. W. 839. The contributions were not made with any substantial regularity nor under circumstances indicating any certainty that any fairly definite amount could be anticipated by the recipients. Reliance was not placed thereon. They were more in the nature of gifts to meet the proprieties or necessities of the instant occasion than for the purposes contemplated by the law. Contribution was made to a limited extent but it has been found as a fact that it was not made "regularly." We cannot ignore this finding. Walker v. Minnesota Steel Co. 167 Minn. 475, 209 N. W. 635; Maxa v. County of Le Sueur, 168 Minn. 65, 209 N. W. 898. It follows that the order is affirmed.