ALFRED BENGSTON v. CLAUDE H. SIEMS AND OTHERS.[1]

February 3, 1928.

No. 26,490.

**Father of deceased employe was not a partial dependent of his son.**

In a proceeding under the workmen's compensation act it is *held* that under the findings of the industrial commission, which are sustained by the evidence, the father of a young man who was killed under circumstances entitling him to compensation had he lived was not a partial dependent under G. S. 1923, § 4275(4), 1 Mason, Minn. St. 1927, § 4275(4), defining a partial dependent as one "who regularly derived part of his support from the wages of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto."

Workmen's Compensation Acts—C. J. p. 62 n. 85.

---

See note in L. R. A. 1917D, 159; 13 A. L. R. 718; 30 A. L. R. 1272; 35 A. L. R. 1079; 39 A. L. R. 322; 28 R. C. L. 771; 4 R. C. L. Supp. 1849; 5 R. C. L. Supp. 1562; 6 R. C. L. Supp. 1751.

[1]Reported in 217 N. W. 679.

Certiorari to review an order of the industrial commission denying compensation for the death of Walter H. Bengston, an employe of defendant construction company. Affirmed.

*Power, Hario & Mulvahill,* for relator.

*Denegre, McDermott, Stearns & Stone,* for respondent employer, Siems, Helmer & Schaffner, and respondent insurer, Gopher Mutual Casualty Company.

DIBELL, J.

Certiorari to review an order of the industrial commission denying compensation to Alfred Bengston, the father of Walter H. Bengston, an employe of the defendants, who was killed under such circumstances as would have entitled him to compensation had he lived. He left no dependents, and no partial dependent unless his father is one. His father claims to be a partial dependent under the provisions of § 4275(4), G. S. 1923 (1 Mason 1927), to the effect that the member of a certain class of relatives of the deceased, who "regularly derived part of his support from the wages of the deceased workman at the time of his death and for a reasonable period of time immediately prior thereto," is a partial dependent. He does not claim to be an actual dependent within § 4275(3).

The industrial commission found:

"That the said Walter Bengston, deceased employe, at the time of his death was a single man, and that the petitioner herein did not regularly derive his support, or any part thereof, from the wages of said deceased employe at the time of his death and for a reasonable time immediately prior thereto, and that said deceased employe did not regularly contribute any part of his wages for the support of petitioner at the time of his death or for a reasonable time prior thereto."

Young Bengston lived with his father at Cloquet from the time of his return from the war in 1919 until October or November, 1923, when he removed to St. Paul, working with the defendant construction company with which he had worked at Cloquet, and he continued with an interruption or two caused by accident until his

accidental death in the course of his employment on March 26, 1924. The father conducted a poolroom, billiard and soft drink business at Cloquet. The son worked about the place for his father and contributed from his wages to him, and we assume that the father was a partial dependent until the son was transferred to St. Paul. After moving to St. Paul he gave his father $50 on January 1, 1924, and $70 on March 1, 1924. These facts sustain the ultimate fact found by the commission that the father was not a partial dependent within its definition of the statute, and that is our guide.

The relator cites Pushor v. American Ry. Exp. Co. 149 Minn. 308, 183 N. W. 839. There the person killed was a minor, and the parents were entitled to his earnings, and they were received regularly. In State ex rel. Crookston Lbr. Co. v. District Court, 131 Minn. 27, 154 N. W. 509, there was involved a case of actual dependency. In State ex rel. Fleckenstein Brg. Co. v. District Court, 134 Minn. 324, 159 N. W. 755, the decedent, a minor, lived at home and his parents received his earnings.

The case before us is governed by Bartkey v. Sanitary Farm Dairies, 170 Minn. 159, 212 N. W. 175, where the facts were rather stronger for the relator claiming partial dependency than those before us.

If the injury to this young man had not resulted in his death, he would have received compensation. But for the compensation act the father, the other necessary conditions existing, could recover under the death by wrongful act statute such pecuniary damages as he sustained. If our compensation statute were like that of some states we take it there might be compensation as indicated by the cases cited by the relator. Finney v. City of Croswell, 220 Mich. 637, 190 N. W. 856; Wisconsin-Minnesota L. & P. Co. v. Johnson, 173 Wis. 398, 181 N. W. 311; Thunder Lake Lbr. Co. v. Industrial Comm. 188 Wis. 418, 206 N. W. 177; Geo. A. Lowe Co. v. Industrial Comm. 56 Utah, 519, 190 P. 934. It would be so here if the relator were an actual dependent under § 4275(3). State ex rel. Crookston Lbr. Co. v. District Court, 131 Minn. 27, 154 N. W. 509.

Under the restrictive definition of dependent by § 4275(4) there can be no compensation. The legislature chose to have it so. Whether it should be so was a matter of policy determined by the legislature after a consideration of the questions involved.

Relator is not helped by § 4275(19). This subdivision is operative only when there is a partial dependent; it does not help define one.

Order affirmed.