CLARK and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*December 6, 1928—January 8, 1929.*

598

*Joseph E. Tierney* of Milwaukee, for the appellants.

For the respondents there was a brief by the *Attorney General, Mortimer Levitan,* assistant attorney general, and *Curkeet & Lewis* of Madison, and oral argument by *Theo. G. Lewis.*

STEVENS, J. (1) The proof clearly establishes the fact that the work performed by the deceased during the last year of his life constituted a material contribution to the support of his sisters. They were in fact partially dependent upon his contribution for their support. The service rendered by the deceased was as clearly a contribution to the support of the sisters as would have been the payment of cash of equal value. *Thunder Lake L. Co. v. Industrial Comm.* 188 Wis. 418, 421, 206 N. W. 177.

The value of the service rendered exceeded the cost of supporting the deceased during the year previous to his death. Other farmers offered to pay the deceased $35 and $40 a month in addition to room and board during the summer preceding the September in which his death occurred. During the winter his work, outside of school hours, was worth more than the cost of his support. It therefore clearly appears that deceased did contribute to the support of his sisters and that they were in fact partially dependent upon him.

(2) Partial dependency being established, the death benefit should be assessed at "such sum as the commission shall determine to represent fairly and justly the aid to support which the dependent might reasonably have anticipated from the deceased employee but for the accident, considering their physical surroundings and conditions." Sub. (4a), sec. 102.09, Stats. 1925. In making its award the commission gave this statute the construction which was approved in

*Zurich General Acc. & L. Co. v. Industrial Comm.* 196 Wis. 159, 216 N. W. 137, 220 N. W. 377, 378. In that case the extent of dependency was measured by the amount which a high school boy earned during the summer vacation in which his death occurred. "As we construe the statute, we are of the opinion that the construction placed upon it by the commission is entirely warranted, and that to hold otherwise would result in an emasculation of the statute itself. . . . Anticipation refers to the future. Under the statute it must be based upon all the facts and circumstances existing at the time of the accident." *Zurich General Acc. & L. Co. v. Industrial Comm.* 196 Wis. 159, 216 N. W. 137, 220 N. W. 377, 378, 379.

(3) The deceased was an employee within the meaning of the term as used in the workmen's compensation act, which so defines an employee as to include "all helpers and assistants of employees, whether paid by the employers or employee, if employed with the knowledge, actual or constructive, of the employer." Sub. (4), sec. 102.07, Stats. 1925. Deceased was the helper or assistant of his uncle, who was the employee of the plaintiff. Deceased was at work with the actual knowledge and express consent of the foreman in charge of the work.

(4) The commission properly fixed the compensation at double the amount of the support which the commission found that the sisters might reasonably have anticipated that they would have received from the deceased but for his untimely death. Deceased was a minor of permit age who was at work without such permit. Under sub. (7) (a), sec. 102.09, Stats. 1925, it was the duty of the commission to fix compensation at double the amount that would otherwise have been recoverable.

*By the Court.*—Judgment affirmed.