# CARL TOMHAVE AND ANOTHER v. WILLIAM GALENA AND ANOTHER.[1]

May 2, 1930.

No. 27,884.

*L. N. Foster* and *E. A. Linnee,* for relators.
*Roger L. Dell,* for respondents.

OLSEN, C.

Proceeding by the parents of Herbert Tomhave to recover compensation under the workmen's compensation law for the death of the son, caused by an industrial accident. The industrial commission awarded compensation.

The single question presented is whether the parents were partial dependents receiving regularly part of their support from the son at the time of his death. The governing law is found in G. S. 1923, § 4275, subds. 3, 4, 17, 19 and 20. Parents who regularly derive

[1]Reported in 230 N. W. 652.

part of their support from the wages of a deceased workman at the time of his death and for a reasonable time immediately prior thereto are partial dependents and entitled to compensation under these subdivisions of the statute.

Herbert Tomhave was slightly over 16 years of age at the time of his death. He had attended school each year up to the end of the school year in 1928. Since he was 12 years old, and including the summer of 1928, he had worked on farms each summer vacation, and his earnings, ranging from $10 the first summer to some $90 for the summer of 1928, had been given to his parents and used for family expenses. One summer no money was paid, but farm produce was received by the family. The total received amounted to about $229. A small part of the money was used for buying clothes for Herbert. While at home and going to school he did chores around the house, some painting on the house, and worked in the garden and yard.

The father owned a small dwelling house wherein the family lived, worth about $3,000, with a mortgage of $600 thereon. He earned about $150 a month as an assistant miller. There were five children, besides Herbert, living at home, ranging in age from ten to about 20 years. The two eldest were girls.

About September 16, 1928, the father secured work for Herbert as helper to Mr. Galena in the plumbing business. The arrangement as to wages was that he was to receive $18 per week. Out of this wage Herbert was to receive $7.50 per week for himself, and $10.50 a week was to be kept out and paid to his mother. Herbert said he had to help the folks at home and that he wanted the money retained and paid to his mother at Christmas time. Mr. Galena testified that he kept this money out for the mother and that it was her money. The matter was so carried out until Herbert was injured on November 9 and died on November 11, 1928. Of the $7.50 per week received by him, Herbert also contributed about $5 per week to his father. After his death the wages so retained and the wages owing for the last week of employment, amounting together to $90.50, were paid by Mr. Galena to the father. At the

time of his injury Herbert had been working regularly for Mr. Galena for nearly eight weeks.

We find no serious difficulty in sustaining the findings of the industrial commission, that the part of the wages regularly set aside for the mother were contributions towards the support of the parents, that the parents were partial dependents of their son Herbert, and that for a period of seven weeks prior to his death he had regularly contributed to their support.

A number of our cases have been cited. The fact that the son was a minor and that the father secured the employment for him and was legally entitled to his wages has some bearing on the question.

In Gossen v. Township of Borgholm, 174 Minn. 227, 232, 218 N. W. 882, 884, it is stated:

"The father is as a matter of law entitled to the wages of his minor son, but that does not destroy the facts constituting partial dependency nor the effect of the contribution which has been taken away by this tragedy in employment."

In Bengston v. Siems, 173 Minn. 498, 500, 217 N. W. 679, the court, in commenting on Pushor v. American Ry. Exp. Co. 149 Minn. 308, 183 N. W. 839, said:

"There the person killed was a minor, and the parents were entitled to his earnings, and they were received regularly."

Here the son's earnings were regularly set aside by the employer for the mother as her money. The parents were entitled to and could have demanded the money at any time. It was thereafter paid to them. The father's earnings were not so large that no dependency could result.

In State ex rel. Fleckenstein Brg. Co. v. District Court, 134 Minn. 324, 159 N. W. 755, the decedent was a minor living at home, his parents receiving his earnings. They were held to be dependents. It is there said that the test of dependency is not whether the parents could support life without the contributions from the child, but whether they regularly received from his wages part of

their income or means of living. To the same effect is Pushor v. American Ry. Exp. Co. 149 Minn. 308, 183 N. W. 839.

In Bartkey v. Sanitary Farm Dairies, 170 Minn. 159, 212 N. W. 175, and Bengston v. Siems, 173 Minn. 498, 217 N. W. 679, the industrial commission denied recovery on the ground that the deceased employe had not regularly contributed part of his wages or earnings to the support of the parents, that the contributions made were only casual and made at irregular intervals. In neither case was the decedent a minor. In those cases the question for review here was whether there was any evidence reasonably sufficient to sustain the findings of the commission, and we held that there was.

In all these cases coming here from the industrial commission on questions of fact, the rule is that the commission is the fact-finding body; that the review here on the facts is limited to the inquiry whether there is evidence reasonably sufficient to sustain the findings. As stated in our decisions, the inquiry here is whether the findings are supported by any evidence which would warrant reasonable men in coming to the conclusion reached by the commission, and we are bound to sustain the findings unless they are clearly without support in the evidence. State ex rel. Globe Ind. Co. v. District Court, 132 Minn. 249, 156 N. W. 120; Lading v. City of Duluth, 153 Minn. 464, 190 N. W. 981; Klein v. McCleary, 154 Minn. 498, 192 N. W. 106; Maher v. Duluth Yellow Cab Co. 172 Minn. 439, 215 N. W. 678; Reardon v. City of Austin, 174 Minn. 359, 219 N. W. 292; Austin v. Leonard, Crossett & Riley, Inc. 177 Minn. 503, 225 N. W. 428; Tschida v. Bratt, 179 Minn. 277, 228 N. W. 935.

The provisions of the workmen's compensation law are liberally construed by this court. This applies with much force where, as here, it is conceded that the parents suffered a substantial financial loss by the death of a minor son.

Order affirmed.