JOHNSON, Appellant, vs. WISCONSIN LUMBER & SUPPLY COMPANY and another, Respondents.

*December 10, 1930—January 13, 1931.*

For the appellant there were briefs by *Thompson, Myers & Helm* of Racine, and oral argument by *Peter J. Myers* and *W. D. Thompson.*

For the respondents there was a brief by *Roehr & Steinmetz* of Milwaukee, attorneys, and *Simmons, Walker, Wratten & Sporer* of Racine of counsel, and oral argument by *Mortimer E. Walker* and *C. Steinmetz, Jr.*

ROSENBERRY, C. J. The workmen's compensation act is ch. 50 of the Laws of 1911. The part material in this inquiry is that part of sec. 2394—7, Stats. 1911, which provides that the term *employee* shall be construed to mean:

"(2) Every person in the service of another under any contract of hire, express or implied, oral or written, . . . but not including any person whose employment is but casual or is not in the usual course of the trade, business, profession, or occupation of his employer."

The first case which arose under this section was *West Salem v. Industrial Comm.* (1916) 162 Wis. 57, 155 N. W. 929. In that case a deputy sheriff was attempting to arrest one Jones. Wilcox, the village marshal, sent one Voeck and told him that Weingarten, the deputy, who was assisting the village marshal, needed help, whereupon Voeck proceeded to the assistance of the deputy. As Voeck approached Weingarten and Jones, Jones suddenly drew a revolver and shot Voeck. The question was whether or not the deceased Voeck at the time in question was employed as a policeman of the village within the meaning of the workmen's compensation act. This case, however, arose under

sub. (1), which related to public employees. It was held that Voeck was an employee. The case is in point only as to duration of employment necessary to bring a person performing service under the act.

By ch. 624 of the Laws of 1917, sub. (2) became sub. (4) and was amended to read as follows:

"Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, all helpers and assistants of employees, whether paid by the employers or employee, if employed with the knowledge, actual or constructive, of the employer, . . . but not including any person whose employment is not in the usual course of the trade, business, profession, or occupation of his employer. . . ."

It is to be noted that the amendment struck out the words "is but casual or." The words "is but casual" were construed in *Holmen Creamery Asso. v. Industrial Comm.* (1918) 167 Wis. 470, 167 N. W. 808, and it was there said that the words described an employment which was only occasional, one coming at uncertain times or at irregular intervals, and whose happening cannot be reasonably anticipated as certain or likely to occur; but a workman who was injured while making repairs on a creamery building, who had been on that as on several previous occasions specially hired for the repair work only, was held to have been an employee within the meaning of the statute.

In *Jordan v. Weinman* (1918) 167 Wis. 474, 167 N. W. 810, it was held that one called in at irregular intervals as an extra helper to supply the place of an absent employee and who worked at the regular business of the employer was not engaged in casual employment.

In *F. C. Gross & Brothers Co. v. Industrial Comm.* (1918) 167 Wis. 612, 167 N. W. 809, it was held that where one was employed to assist in cleaning up certain parts of a packing plant necessitated by special and unusual repairs, his employment was neither casual nor outside of

the usual course of the business of his employer although the work was not a part of the regular cleaning up work that was necessary in the usual conduct of the business.

This section was amended in 1921, 1923, and 1929, but the amendments are not material to a consideration of this case.

In *Clark v. Industrial Comm.* (1929) 197 Wis. 597, 222 N. W. 823, it was held that a sixteen-year-old boy called to take the place of his uncle as a driver of a team with a road crew, with the express consent of the foreman, was an employee.

A superintendent of a lighting company instructed his wife to procure one L. or some one else to make certain repairs. She did not attempt to procure L. but procured H., and while making the repairs H. was killed. Held, that he was an employee and entitled to compensation under the act and could not maintain an action at law. *Heist v. Wisconsin-Minnesota L. & P. Co.* 172 Wis. 393, 179 N. W. 583.

In *Conveyors Corp. v. Industrial Comm.* (1930) 200 Wis. 512, 228 N. W. 118, it was held that an employee of the plaintiff who called to his assistance a workman employed by the Body Corporation to assist him in rescuing another employee of plaintiff then in imminent danger, had authority to employ the person summoned by him, and that the employee and the person summoned were engaged in the usual course of the plaintiff's business and the plaintiff was liable for compensation.

See, also, a discussion on other aspects of the question in *Spodick v. Nash Motors Co., ante,* p. 211, 232 N. W. 870.

That the duration of the time of employment is not a controlling factor is held in *Guse v. Industrial Comm.* 189 Wis. 471, 205 N. W. 428, 208 N. W. 493, in which another section of the act was under consideration. To the same effect is *Johnson v. Ashland Water Co.* (1888) 71 Wis. 553,

37 N. W. 823, where a bystander assisting temporarily in laying a water pipe was held to be an employee. See, also, *State ex rel. Nienaber v. District Court Ramsey County,* 138 Minn. 416, 165 N. W. 268 (rendering temporary assistance to a traveler on the highway).

It has been said over and over again in workmen's compensation cases that the act should be liberally construed, and a consideration of the cases indicates that a most liberal construction has been placed upon it in order that the injured workmen may be compensated for injuries incident to their employment. The same liberal construction which brings the employee within the act because the relation of employer and employee exists, operates also as to the employer. There can be no employee without an employer. If the plaintiff were here claiming under the workmen's compensation act, we should be obliged to overrule a long line of prior decisions of this court if it were to be denied him. While in this case, the plaintiff having been engaged in rendering friendly and neighborly assistance, it may operate to his financial disadvantage, that is one of the consequences which follow from the very broad and general language of the statute and the very liberal construction which has been placed upon it. Where an injured workman would, in the absence of the act, have a right of action at common law for damages, his possible damages are no doubt reduced by the application of the act. On the other hand, in a very much larger number of cases, workmen are given compensation where at common law they would be entitled to none. The legislature must have weighed the benefits and detriments of this situation and made the provisions of the law broad and inclusive as it is in order to do the greatest good to the greatest number, and enjoined upon the courts a liberal construction of the act to secure the ends for which it was adopted. Here the plaintiff in an emergency was

rendering valuable assistance to the defendant at the request of the defendant's employee, who, in addition to his implied authority, had express authority by reason of the telephone conversation to get help. An emergency having arisen, the driver no doubt had apparent authority if not actual authority to do whatever was necessary to forward his employer's business and release the truck under the circumstances of this case. While no rate of wages was agreed upon, that is not necessary as already indicated in the cases cited. Plaintiff was rendering service at the request of the defendant or its employee and was entitled to reasonable compensation. The trial court correctly held that plaintiff was an employee and that plaintiff's remedy under the workmen's compensation act is exclusive and dismissed the case.

*By the Court.*—Judgment affirmed.