NATIONAL FILM SERVICE, Appellant, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*October 13—November 10, 1931.*

The cause was submitted for the appellant on the brief of *Miles C. Riley* of Madison, and for the respondents on that of the *Attorney General* and *Mortimer Levitan* and *Herbert H. Naujoks,* assistant attorneys general, attorneys for the Industrial Commission, and *Jos. A. Padway* of Milwaukee, attorney for Steve Terek.

FRITZ, J. The crucial issue in this matter is whether the applicant, when injured on May 9, 1929, was an employee of the plaintiff under the definition in sec. 102.07, Stats., which, so far as here material, provides that the term "employee" as used in the workmen's compensation act shall be construed to mean—

"Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, all helpers and assistants of employees, whether paid by the employers or employee, if employed with the knowledge, actual or constructive, of the employer. . . ." Sec. 102.07 (4).

The Industrial Commission found that "on the date of injury the applicant was in the employ of" plaintiff. In a

memorandum attached to its award, the commission said that it appeared from the evidence that in the summer of 1928 the applicant had worked for plaintiff about three and one-half months, and almost each night before the applicant started on trips with plaintiff's truck, plaintiff's business manager, R. S. Soelke, had bought a lunch for the applicant, and, occasionally, gave him fifty cents or a dollar, but paid him no regular cash wage; that on the evening of May 8, 1929, the applicant visited at plaintiff's office with Soelke, and then drove with plaintiff's truck driver about the city of Milwaukee collecting films, which were unloaded by the applicant and the truck driver at plaintiff's office at 12:30 a. m. on May 9th, in the presence of Soelke; and that then, in the presence of Soelke, applicant and the truck driver reloaded films and left on plaintiff's truck to deliver the films at Waukegan. The commission further said:

"There is a dispute as to whether Mr. Soelke asked the applicant to accompany Anton on the trip, as applicant claims, or whether he forbade applicant to go, as respondent claims, but there is no dispute that applicant did go on the trip and that the manager, Mr. Soelke, knew he went. While on this trip applicant was injured. Respondent contends that applicant was a voluntary worker. In the light of all the circumstances, we cannot conclude that applicant was a voluntary worker, and we are satisfied that he was an employee, under the provisions of the compensation law, under an implied contract of hire, if not under an express contract."

On this appeal plaintiff contends that neither the findings of fact by the commission nor the evidence supports the commission's ultimate finding that Terek "was an employee under the provisions of the compensation law, under an implied contract of hire, if not under an express contract;" and that there was here no such employment as is contemplated by the compensation act.

The record discloses that the commission found, and that the evidence supported its finding, that on May 9, 1929, plaintiff's business manager, Soelke, saw the applicant helping plaintiff's truck driver load films for a trip to Waukegan, and saw and knew that the applicant thereupon accompanied the truck driver on that trip. Those acts performed by the applicant for the benefit of plaintiff, and with the knowledge and acquiescence of plaintiff's manager, who had furnished the applicant with lunch, and given him fifty cents and one dollar on occasions of similar services and trips made for plaintiff by the applicant during the preceding summer, warranted the commission's determination that the applicant was an employee under an implied contract of hire when he was injured while driving plaintiff's truck on that trip to Waukegan. The facts thus found by the commission bring the transactions in question within the rule stated in 3 Page on Contracts, p. 2466, § 1442:

"If services are rendered at the request of the person for whom they are rendered, or if the benefits thereof are accepted voluntarily by such person, there is an implied promise on his part to make reasonable compensation therefor if no express contract has been made, if the services are such as are ordinarily paid for and if the party who rendered them was not bound to render them without compensation."

In recognition of that rule, this court said in *Wojahn v. National Union Bank,* 144 Wis. 646, 667, 129 N. W. 1068:

"If one merely accepts services from another which are valuable to him, in general, the presumption of fact arises that a compensation equivalent is to pass between the parties, and the burden of proof is upon the recipient of the service to rebut such presumption if he would escape rendering such equivalent."

In *Johnson v. Wisconsin L. & S. Co.* 203 Wis. 304, 234 N. W. 506; *Sheboygan v. Industrial Comm.* 202 Wis. 420, 232 N. W. 871; *Clark v. Industrial Comm.* 197 Wis. 597,

222 N. W. 823, in accordance with that rule, this court determined that, because of a resulting implied promise to compensate for services performed under such circumstances, the relation of employer and employee existed within the contemplation of the provisions of the compensation act. In view of the evidence in the case at bar, the commission's findings, conclusions, and award must be permitted to stand.

*By the Court.*—Judgment affirmed.